This is an appeal from the denial of a petition for post-conviction relief. The petitioner, Alan Dale Kolmetz, challenges his 1991 convictions for manslaughter and assault in the second degree. Those convictions were affirmed on direct appeal. Kolmetz v. State, 600 So.2d 389 (Ala.Cr.App. 1991), cert. denied, 600 So.2d 396 (Ala. 1992). The appellant alleges his trial counsel was ineffective for the following reasons: 1) counsel "failed to consult with his client on all the important decisions to be made, and keep the petitioner informed of the developments in the course of the prosecution. This attorney failed his duty to investigate all avenues of defense." 2) counsel "failed to object that the indictment was not timely read to the jury;" 3) counsel "failed to object to the one-for-one jury strike method;" 4) counsel "failed to object to the improper sentencing and the court never stated why it was imposing consecutive sentences;" 5) counsel "was ineffective when he allowed the trial court to convict the petitioner on multiple offenses;" 6) counsel "prejudiced petitioner's defense by his eliciting testimony that opened the door for the state's later admission of the blood sample request, and the fact that the petitioner had refused the request;" and 7) counsel "failed to check and ensure that all exhibits were properly accounted for and went in with the jury in its deliberations." R. 16-21.
On December 17, 1992, the district attorney filed a motion for summary disposition stating the following:
 "1. The petition fails to state a claim for which relief may be granted.
 "2. The grounds alleged in the petition either were raised at trial or could have been but were not raised at trial.
 "3. The grounds alleged in the petition either were raised on appeal or could have been but were not raised on appeal.
 "4. The grounds alleged and facts stated do not amount to newly discovered evidence." R. 23.
This motion does little more than those condemned in Ex parteRice, 565 So.2d 606 (Ala. 1990), and Hughley v. State,597 So.2d 764 (Ala.Cr.App. 1992).
On December 22, 1992, the circuit court dismissed the petition for failure to state a claim. Neither the district attorney nor the *Page 454 
circuit court addressed the merits of the petition.
Contrary to the ruling of the circuit court, the petition did state a proper claim for which relief could be granted. Claims of ineffective assistance of counsel are cognizable in Rule 32, A.R.Crim.P., petitions for post-conviction relief. See Ex parteJenkins, 586 So.2d 176, 177 (Ala. 1991), and cases cited therein.
 "A claim in a post-conviction petition that petitioner was denied effective assistance of counsel is not precluded where the petitioner has the same counsel at trial and on direct appeal. Flanagan v. State, 577 So.2d 559
(Ala.Cr.App. 199[0]), cert. denied, 577 So.2d 559
(Ala. 1991). This is also the federal rule. Golston v. Attorney General of State of Alabama, 947 F.2d 908 (11th Cir. 1991) (if same counsel represents a defendant on appeal the issue of ineffective assistance need not be raised on direct appeal)."
H. Maddox, Alabama Rules of Criminal Procedure § 32.2 at 179 (Supp. 1992). The petition is "meritorious on its face." Moorev. State, 502 So.2d 819, 820 (Ala. 1986). The merits of the allegations of the petition were not addressed by the district attorney in his motion for summary dismissal. Consequently, those allegations must be accepted as true. Ex parte Floyd,457 So.2d 961, 962 (Ala. 1984).
For these reasons, the judgment of the circuit court dismissing the petition for post-conviction relief is reversed. This cause is remanded with directions that the circuit court set aside its order of dismissal and address the merits of the petition pursuant to Rule 32.9, A.R.Crim.P.
REVERSED AND REMANDED.
All Judges concur. *Page 722