The petitioner, James Paul Rice, appeals from the trial court's denial of his fourth Rule 32, Ala.R.Crim.P., petition. It appears that the petitioner's allegations may have merit.See, Hall v. State, 655 So.2d 51 (Ala.Crim.App. 1995).
The petitioner was originally indicted for rape in the first degree and for incest. The petitioner was allowed to plead guilty to attempted second degree rape. He now cites Hall,supra, for support for his contention that his plea was illegal. The Hall court stated, "An indictment cannot be amended to charge an offense that was not encompassed in the original indictment." Id., at 52. The petitioner argues that because, under the facts of his case, second degree rape is not a lesser included offense of first degree rape, the trial court was without jurisdiction to accept his guilty plea and that his plea was therefore void. Ex parte Jordan, 486 So.2d 485
(Ala. 1986). Further, the State's response to the petitioner's Rule 32 petition does not properly address the merit of the petitioner's argument (C. 22.); thus the allegations in the Rule 32 petition must be accepted as true. See, Kolmetz v.State, 623 So.2d 453, 454 (Ala.Crim.App. 1993); Ex parteFloyd, 457 So.2d 961, 962 (Ala. 1984).
Therefore, this court remands this cause to the Franklin Circuit Court for an evidentiary hearing on the merits of the petitioner's claim. A return to remand will be made with this court within 105 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur. *Page 485