737 So.2d 1054 (1998)
Marvin Lewis DAVIS
v.
STATE.
CR-97-1847.
Court of Criminal Appeals of Alabama.
October 2, 1998.
Opinion on Return to Remand April 30, 1999.
Marvin Lewis Davis, appellant, pro se.
Bill Pryor, atty. gen., and Cedric B. Colvin, for appellee.
McMILLAN, Judge.
The appellant, Marvin Lewis Davis, appeals from the trial court's order summarily dismissing his second Rule 32, Ala. R.Crim.P., petition. The order failed to state any grounds in support of the summary dismissal, and it appears that the appellant's allegations may have merit. See Rice v. State, 682 So.2d 484 (Ala.Cr. App.1995).
In his Rule 32 petition, the appellant argues that the trial court was without jurisdiction to convict him of a felony or to sentence him to imprisonment in excess of one year. More particularly, he argues that the trial court was without jurisdiction to accept his plea to second-degree theft because, he says, it was not a lesser included offense to the offense of first-degree theft charged in the indictment. He cites Rice, supra, for support of his contention that his plea was illegal. The Rice court, quoting Hall v. State, 655 So.2d 51, 52 (Ala.Cr.App.1995), stated, "`An indictment cannot be amended to charge an offense that was not encompassed in the original indictment.'" Id. at 484. Additionally, he argues that the underlying facts did not support a plea to second-degree theft, a felony; hence, he argues, he should have been convicted of a misdemeanor and sentenced accordingly. In support of his argument, he contends that the original indictment charged him with first-degree theft of a backgammon board worth $19.00, which was taken from Cynthia Bennett, in violation of § 13A-8-3, Ala. Code 1975.
At the time of the appellant's conviction, theft of property in the second degree was defined at § 13A-8-4, Ala.Code as follows:
"(a) The theft of property which exceeds $100.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another ...
"[or] ...
"(e) The theft of property which exceeds $25.00 in value, and which is taken from or in a building where said property is sold or stored...."
See, 1979 Ala. Acts No. 79-472, § 3203 p. 862, 865.[1]
*1055 Because the record on appeal lacks details regarding the guilty plea proceedings and because the indictment specifically alleged that the property was taken from the person of another and the value of the property was less than $25.00, the appellant raises a facially valid claim, i.e., that the trial court was without jurisdiction to accept his plea of guilty to second-degree theft. Further, the State's response to the appellant's Rule 32 petition did not address the merits of the appellant's argument; thus, the allegations in the Rule 32 petition must be accepted as true. See Kolmetz v. State, 623 So.2d 453, 454 (Ala. Cr.App.1993). Because the trial court's order did not address the merits of the appellant's jurisdictional claim, this cause must be remanded to the trial court for that court to conduct an evidentiary hearing on the merits of the claim and to make specific findings of fact thereon. If the trial court finds that the appellant was convicted of an offense for which he had not been indicted, the trial court was without jurisdiction to accept the guilty plea. This jurisdictional defect was not waived by the appellant's plea of guilty, and the trial court's judgment is void. See Eiland v. State, 668 So.2d 147 (Ala.Cr.App.1995).
This cause is, therefore, remanded to the trial court for proceedings consistent with this opinion. A return to remand shall be made with this court within 56 days of the release of this opinion, and that return shall include a transcript of the remand proceedings.
REMANDED WITH INSTRUCTIONS.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.

On Return to Remand
McMILLAN, Judge.
On October 2, 1998, we remanded this cause to the trial court for that court to conduct an evidentiary hearing on the merits of the appellant's claim, raised in his Rule 32, Ala.R.Crim.P., petition for post-conviction relief, alleging that the court was without jurisdiction to accept his plea of guilty to second-degree theft. In support of his argument, the appellant contended that the indictment charging him with first-degree theft was amended to charge an offense, i.e., second-degree theft, that was not encompassed in the original indictment. The appellant also alleged that the underlying facts did not support a plea to second-degree theft. The appellant stated that the original indictment charged him with first-degree theft of a backgammon board worth $19.00, which was taken from Cynthia Bennett, in violation of § 13A-8-3, Ala. Code 1975.
At the time of the appellant's conviction, the offense of theft of property in the second degree was defined at § 13A-8-4, Ala. Code as follows:
"(a) The theft of property which exceeds $100.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another ...
"[or] ...
"(e) The theft of property which exceeds $25.00 in value, and which is taken from or in a building where said property is sold or stored...."
See Act No. 79-472, Ala. Acts. 1979, § 3202, p. 865.
The trial court, in compliance with this Court's instructions, issued an order containing the following specific findings of fact:
"Based on authorities cited in Court of Criminal Appeals order on remand, [the] undersigned finds that Petitioner Davis on Aug. 17, 1982 was convicted of an offense for which he had not been indicted. Thus, the 8-17-82 conviction is set aside.
"Undersigned shall consult with prosecution relative to whether State will move to prosecute or dismiss due to staleness of case."
The trial court dismissed the conviction; thus, this appeal is dismissed.
APPEAL DISMISSED.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ. concur.
NOTES
[1] Section 13A-8-4 was most recently amended in 1992. See Ala. Acts 1992, Ex.Sess., Act No. 92-682.