James West Ligon appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his August 24, 1999, conviction for murder and his resulting sentence of life imprisonment. Ligon did not appeal his conviction.
On June 12, 2001, Ligon filed the present Rule 32 petition. In his petition, Ligon contended that his failure to appeal his conviction was through no fault of his own. Specifically, he maintained that he was never informed of his right to appeal his conviction and that his trial counsel failed to perfect an appeal on his behalf. On July 2, 2001, the State filed a motion requesting a transcript of Ligon's sentencing hearing in order to address Ligon's claim *Page 672 
that he had not been advised of his right to appeal. It appears that the circuit court never ruled on the State's motion. However, on August 3, 2001, the circuit court issued an order summarily denying Ligon's petition. In that order, the circuit court stated, in pertinent part:
 "This matter is before the Court on Petition for Relief from Conviction or Sentence pursuant to Rule 32. The thrust of the petition is an allegation of ineffective assistance of counsel.
 "The Court has independent recollection of the trial of this case. The defendant was charged with murder. He was represented by retained counsel. The evidence of defendant's guilt was overwhelming. The efforts of retained defense counsel far exceeded those required of criminal defense attorneys.
 "The petition is dismissed and the Court finds that no purpose would be served by further proceedings."
(C. 26.)
The State has requested that we remand this cause to the circuit court for that court to address the merits of Ligon's claim that his failure to appeal his conviction was through no fault of his own because he was never informed of his right to appeal and because his trial counsel failed to perfect an appeal. We agree that a remand is necessary. Although the circuit court's order purportedly denied Ligon's petition on the merits, as the State correctly points out in its brief to this Court, the circuit court never actually addressed the claim that Ligon presented in his petition. In addition, the State did not have an opportunity to respond to Ligon's petition. As noted above, the State filed a motion requesting a transcript of the sentencing hearing in order to properly address Ligon's claim that he was not advised of his right to appeal; however, the circuit court summarily denied Ligon's petition without ruling on the State's motion or giving the State the opportunity to respond to Ligon's claim. Because the State was not able to respond to Ligon's petition, the allegations in his petition must be accepted as true. See, e.g., Davisv. State, 737 So.2d 1054 (Ala.Crim.App. 1998); Rice v. State, 682 So.2d 484
(Ala.Crim.App. 1995); and Kolmetz v. State, 623 So.2d 453 (Ala.Crim.App. 1993).
Therefore, we remand this cause to the circuit court for that court to address the merits of Ligon's claim that he failed to appeal his conviction through no fault of his own and to make specific findings of fact regarding that issue. On remand, the circuit court may either conduct an evidentiary hearing or take evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. In addition, we encourage the circuit court to rule on the State's request for a transcript of the sentencing hearing because that transcript could, as the State correctly recognizes, refute Ligon's claim that he was never advised of his right to appeal. Due return shall be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include the circuit court's written findings, along with a transcript of the evidentiary hearing, if any, or other evidence received by the court.
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur. *Page 673