845 So.2d 836 (2001)
Rendell WRIGHT
v.
STATE of Alabama.
CR-00-0942.
Court of Criminal Appeals of Alabama.
November 30, 2001.
Opinion on Return to Remand April 26, 2002.
*838 Rendell Wright, pro se.
William H. Pryor, Jr., atty. gen., and Frances R. Clement, asst. atty. gen., for appellee.
SHAW, Judge.
Rendell Wright appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his April 17, 2000, guilty-plea conviction for robbery in the first degree and his resulting sentence of 20 years' imprisonment. On August 7, 2000, this Court dismissed Wright's direct appeal as untimely filed.
Wright filed the present petition on November 28, 2000. In his petition, Wright claimed: (1) that the failure to appeal his conviction was through no fault of his own; (2) that his guilty plea was involuntary because, he said, he was never informed that his sentence would be enhanced pursuant to § 13A-5-6(a)(4), Ala. Code 1975; (3) that his guilty plea was involuntary because, he said, he thought that he was pleading guilty as a youthful offender and that he would be sentenced to no more than three years' imprisonment; and (4) that his trial counsel was ineffective because, he said, his counsel told him that he would be granted youthful-offender status and then failed to move to withdraw his plea when the trial court denied his application for youthful-offender status.[1] On December 21, 2000, the State filed a response and motion to dismiss Wright's petition, and the circuit court summarily denied Wright's petition pursuant to Rule 32.7(d), Ala.R.Crim.P., on January 8, 2001.
On appeal, the State requests that we remand this cause for the circuit court to address the merits of Wright's claims. The State maintains that Wright pleaded sufficient facts that, if true, would entitle him to relief. We agree.
Wright contends that the failure to timely appeal his conviction was through no fault of his own. He maintains that he *839 wanted to appeal, but that his counsel failed to timely file the notice of appeal and that that failure resulted in this Court's dismissing his appeal as untimely filed. The State did not address this claim in its motion to dismiss Wright's Rule 32 petition; therefore, Wright's allegations in this regard must be accepted as true. See, e.g., Davis v. State, 737 So.2d 1054 (Ala.Crim.App.1998); Rice v. State, 682 So.2d 484 (Ala.Crim.App.1995); and Kolmetz v. State, 623 So.2d 453 (Ala.Crim. App.1993). In addition, the circuit court did not specifically address this claim in its order summarily denying Wright's petition; thus, we can only speculate as to the circuit court's basis for denying Wright relief on this claim.
Wright also contends that his guilty plea was involuntary because, he says, he was never informed that his sentence would be enhanced pursuant to § 13A-5-6(a)(4), Ala.Code 1975. "It is well settled that a challenge to the voluntariness of a guilty plea may be raised for the first time in a timely filed Rule 32 petition." Waddle v. State, 784 So.2d 367, 369 (Ala.Crim.App.2000). See also George v. State, 774 So.2d 608 (Ala.Crim.App. 2000). Again, the State did not specifically address this claim in its motion to dismiss Wright's petition nor did the circuit court address the claim in its order. However, in its motion, the State averred that the trial court had granted its motion to enhance Wright's sentence pursuant to § 13A-5-6(a)(4) at the sentencing hearing, which was held on June 13, 2000, almost two months after Wright had entered his guilty plea on April 17, 2000. The State's chronology of events supports Wright's claim that he pleaded guilty without being informed that his sentence would be enhanced pursuant to § 13A-5-6(a)(4).
Finally, Wright contends that his guilty plea was involuntary because, he says, he pleaded guilty with the understanding that he would be treated as a youthful offender and sentenced to no more than three years' imprisonment. He also contends that his counsel was ineffective for misleading him into believing that he would be granted youthful-offender status and for failing to file a motion to withdraw his plea when he was denied youthful-offender status and sentenced to 20 years' imprisonment. In its response and motion to dismiss Wright's petition, the State asserted a general denial of these claims and attached to its motion a copy of the Ireland form[2] signed by Wright. However, that Ireland form supports, rather than refutes, Wright's claims. The form is entitled "Explanation of Rights of Youthful Offender." (C. 40.) It specifically states that "The Court has determined that you are to be treated as a youthful offender" and that "you may receive punishment of up to three years' confinement." (C. 47.)
As to each of his claims, Wright has pleaded facts that, if true, would entitle him to relief; the State has not refuted any of Wright's claims (in fact, most of its argument in its motion to dismiss supports Wright's claims); and the circuit court did not specifically address any of Wright's claims in its order summarily denying Wright's petition. In addition, the record does not contain a transcript of Wright's guilty-plea proceedings or his sentencing hearing; the record contains only an Ireland form, which not only supports Wright's claim that he did, in fact, plead guilty as a youthful offender, but which "is, alone, insufficient to establish the voluntariness of a plea." Waddle, 784 So.2d at *840 370. Absent a transcript of the guilty-plea proceedings and sentencing hearing, we are unable to evaluate the merits of Wright's claims that his guilty plea was involuntary and that his trial counsel was ineffective.
Therefore, we agree with the State that this case must be remanded to the circuit court for that court to conduct an evidentiary hearing regarding the merits of Wright's claims that he failed to appeal through no fault of his own, that his guilty plea was involuntary, and that his counsel was ineffective, and to make specific findings of fact regarding each claim. Due return shall be filed with this Court no later than 56 days from the date of this opinion. The return to remand shall include the circuit court's written findings, a transcript of the evidentiary hearing and any other evidence taken by the court, and a transcript of the guilty-plea proceedings and sentencing hearing.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

On Return to Remand
SHAW, Judge.
On November 28, 2000, Rendell Wright filed a Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his April 17, 2000, guilty-plea conviction for robbery in the first degree and his resulting sentence of 20 years' imprisonment. In his petition, Wright contended: (1) that his failure to timely appeal his conviction was through no fault of his ownspecifically, he alleged that his counsel had failed to file a timely notice of appeal and that that failure resulted in this Court's dismissing his appeal as untimely filed; (2) that his guilty plea was involuntary because, he said, he was never informed that his sentence would be enhanced pursuant to § 13A-5-6(a)(4), Ala. Code 1975; and (3) that his guilty plea was involuntary because, he said, he pleaded guilty with the understanding that he would be treated as a youthful offender and sentenced to no more than three years' imprisonment (as part of this third contention he argues that his counsel was ineffective for misleading him into believing that he would be granted youthful-offender status and for failing to file a motion to withdraw the guilty plea when he was denied youthful-offender status and sentenced to 20 years' imprisonment). After receiving a response from the State, the circuit court summarily denied Wright's petition. Wright appealed.
On November 30, 2001, this Court remanded the case to the circuit court for further proceedings. See Wright v. State, 845 So.2d 836 (Ala.Crim.App.2001). We held that, as to all of his claims, Wright had pleaded facts that, if true, would entitle him to relief; that the State had not refuted Wright's claims in its motion to dismiss; and that the circuit court had not addressed Wright's claims in its order summarily denying Wright's petition. We remanded the case to the circuit court with specific instructions "to conduct an evidentiary hearing" on Wright's petition and "to make specific findings of fact regarding each claim." Wright, 845 So.2d at 838.
The circuit court did not comply with our instructions; it did not conduct an evidentiary hearing and it did not make specific findings of fact regarding each of Wright's claims. Although the court submitted an amended order, again summarily denying Wright's petition, that order contains only conclusory findings that Wright's guilty plea was voluntary, that Wright's counsel was not ineffective, and that all of Wright's claims lacked merit; it does not include any specific findings of fact. More importantly, however, only one of the circuit court's conclusory findings is *841 supported by the supplemental record that the court submitted on return to remand.
Regarding Wright's claim that his failure to appeal his conviction was through no fault of his owni.e., that the notice of appeal filed by his counsel was untimelythe circuit court found that counsel's notice of appeal was timely filed and that the dismissal of Wright's appeal was an error on this Court's part. The circuit court's finding that Wright's trial counsel did, in fact, file a timely notice of appeal is supported by the supplemental record. The record contains a written notice of appeal signed by Wright's trial counsel that is stamped as filed in the circuit clerk's office on July 21, 2000, which was within 42 days of Wright's sentencing hearing. See Rule 4(b)(1), Ala.R.App.P. However, the supplemental record also contains a second notice of appeal signed by Wright's appellate counsel that is stamped as filed in the circuit clerk's office on August 1, 2000, over 42 days after Wright's sentencing hearing. From the record, it appears that Wright's trial counsel moved to withdraw from representing Wright on July 6, 2000; that he then filed a timely notice of appeal on July 21, 2000; that the trial court granted counsel's motion to withdraw on August 1, 2000; and that Wright retained appellate counsel and appellate counsel filed a notice of appearance and a second notice of appeal on August 1, 2000. This Court's records from the dismissal of Wright's direct appeal reflect that the only notice of appeal this Court received was dated August 1, 2000. See Rule 4(d)(2), Ala.R.App.P. Based on that notice, we dismissed Wright's appeal as untimely; a certificate of dismissal was issued on August 7, 2000. At that time, we had no knowledge that a timely notice of appeal had, in fact, been filed by Wright's trial counsel. However, it is clear from the record now before this Court that a timely notice of appeal was, in fact, filed and that the dismissal of Wright's direct appeal was the product of a miscommunication between this Court and the circuit court. Because the record reflects that dismissal of Wright's direct appeal was, in fact, not Wright's fault, his claim that his failure to appeal his conviction was through no fault of his own is clearly meritorious and entitles him to relief, i.e., an out-of-time appeal.
However, because the record reflects that Wright did not file a motion to withdraw his guilty plea (the failure to do so is, in fact, the basis of one of Wright's claims of ineffective assistance of counsel) or any other posttrial motions, the claims in Wright's petition that his guilty plea was involuntary and that his counsel was ineffective could not be reviewed on direct appeal. Yet those claims are properly before the court in his Rule 32 petition, and the allegations in that petition, if true, would entitle Wright to have his guilty plea set aside. Thus, although Wright is entitled to an out-of-time appeal, because Wright may also be entitled to have his guilty plea set aside based on his other claims, it would be a waste of judicial resources to order an out-of-time appeal without first addressing the other claims.
Regarding Wright's claim that his guilty plea was involuntary, the circuit court stated in its order that "[t]he court reviewed the defendant's rights, explained the correct range of punishment, the weapons enhancement provision and concluded that his plea was voluntary." (C. Supp. 105.) Regarding Wright's claim of ineffective assistance of counsel, the circuit court stated in its order that "[c]ounsel for the defendant is not ineffective as claimed by defendant." (C. Supp.105.) The court's finding that Wright was informed of the sentence enhancement is supported by the transcript of the guilty-plea colloquy; therefore, Wright's claim that his guilty plea was involuntary because he was not informed of the sentence enhancement is *842 meritless, and the circuit court properly denied relief as to this claim.
However, the court did not make specific findings of fact regarding Wright's claims that his guilty plea was involuntary because he thought he was pleading guilty as a youthful offender and that he would be sentenced to no more than three years' imprisonment and that his counsel was ineffective for misleading him into believing that he would be granted youthful-offender status and for not moving to withdraw his plea when he was denied youthful-offender status and sentenced to 20 years' imprisonment; therefore, we are still unable to address the merits of those claims. As we noted in our original opinion, the record supports Wright's allegation that he thought he was pleading guilty as a youthful offender; it contains an Ireland form[1] signed by Wright and his attorney, and by the trial court, which is entitled "Explanation of Rights of Youthful Offender and Plea of Guilty" and which states that Wright would be sentenced to no more that three years' imprisonment. The supplemental record submitted by the circuit court on return to remand also contains a copy of that Ireland form, dated March 14, 2000, and a copy of a second Ireland form, also signed by Wright, his attorney, and the trial court, dated April 17, 2000, the day Wright entered his plea. This second Ireland form is also entitled "Explanation of Rights of Youthful Offender and Plea of Guilty" and also states that Wright will be sentenced to no more than three years' imprisonment. Although the transcript of the guilty-plea colloquy reflects that the trial court never mentioned youthful-offender status and that the court informed Wright of the minimum and maximum sentences he could receive as an adult, rather than as a youthful offender, the fact that Wright was apparently told two different things on the day he entered his plea, combined with Wright's unrefuted claim that his counsel led him to believe that he would be treated as a youthful offender, lends credence to his allegation that he did, in fact, believe he was pleading guilty as a youthful offender and that, therefore, his guilty plea was involuntary. See, e.g., Ford v. State, 831 So.2d 641, 643 (Ala.Crim.App.2001), quoting Ex parte Blackmon, 734 So.2d 995, 997 (Ala.1999) ("It is well settled that `a misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary.'"). Under these circumstances, it is essential that the circuit court hold a hearing to determine whether Wright's counsel did, in fact, lead him to believe that he would be treated as a youthful offender[2] and whether Wright knew at the time he pleaded guilty that he was pleading guilty as an adult and that the trial court could deny his application for youthful-offender status at his sentencing hearing.
Because the circuit court did not comply with the instructions in our original opinion, we must remand this case a second time. We again instruct the circuit court to conduct an evidentiary hearing and to make specific findings of fact regarding Wright's claims that his guilty plea was involuntary because he thought he was pleading guilty as a youthful offender and would receive a sentence of no more than three years' imprisonment, and that his trial counsel was ineffective for leading him to believe that he would be treated as a youthful offender and then failing to move to withdraw his plea when the trial *843 court denied him youthful-offender status. If the court determines that Wright did, in fact, believe that he was pleading guilty as a youthful offender (either because of the Ireland forms he signed or because his counsel led him to believe it) and that Wright's guilty plea was, therefore, involuntary, the court is instructed to set aside Wright's guilty plea. If, however, the court determines that Wright's guilty plea was voluntary and that his counsel was not ineffective as alleged, the court should then grant Wright an out-of-time appeal and, if Wright is determined to be indigent, appoint counsel to represent him. Due return should be filed with this Court no later than 56 days from the date of this opinion. The return to remand shall include the circuit court's written findings and a transcript of the evidentiary hearing and any other evidence taken by the court.
REMANDED WITH INSTRUCTIONS.[*]
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
NOTES
[1] Wright also claimed in his petition that the State withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, Wright does not pursue that claim on appeal; therefore, it is deemed to be abandoned. See, e.g., Brownlee v. State, 666 So.2d 91, 93 (Ala. Crim.App.1995) ("We will not review issues not listed and argued in brief.").
[2] See Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (Ala.Crim.App.1971). See also Rule 14.4, Ala.R.Crim.P.
[1] See Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).
[2] Although the circuit court stated in its order that Wright's counsel had not rendered ineffective assistance, it would have been impossible to make such a determination without any evidence because this ineffective-assistance-of-counsel claim is based entirely on communications between Wright and his counsel, to which the circuit court was not privy.
[*] Note from the reporter of decisions: On September 20, 2002, on return to second remand, the Court of Criminal Appeals affirmed, without opinion.