881 So.2d 542 (2002)
Terry KING
v.
STATE of Alabama.
CR-00-0508.
Court of Criminal Appeals of Alabama.
April 26, 2002.
*543 Terry King, pro se.
William H. Pryor, Jr., atty. gen., and Hense R. Ellis II, asst. atty. gen., for appellee.
SHAW, Judge.
Terry King appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he requested an out-of-time appeal from the summary denial of a previous Rule 32 petition.
The record reflects that King filed his first Rule 32 petition on or about January 25, 2000. On July 10, 2000, King filed a petition for a writ of mandamus in this Court, requesting that we order the circuit court to rule on his petition. The State filed a response on August 8, 2000, arguing that King's petition had been summarily denied on March 9, 2000, and that, therefore, King's mandamus petition was moot. The State attached to its response the circuit court's order denying the petition. This Court dismissed the mandamus petition on August 9, 2000.
On August 11, 2000, King filed a "Motion for an Out-of-time Appeal" in the circuit court, arguing that he had failed to appeal the denial of his first Rule 32 petition through no fault of his own because, he said, he did not receive the circuit court's order denying the petition until he received the State's response to his mandamus petition. The circuit court denied King's motion on August 22, 2000.
On September 11, 2000, King filed the present Rule 32 petition, again requesting an out-of-time appeal from the summary denial of his first Rule 32 petition. He alleged, as he did in his motion for an out-of-time appeal, that he had failed to appeal the denial of his previous Rule 32 petition through no fault of his own because, he said, he did not receive the circuit court's order denying the petition until he received the State's response to his mandamus petition in August 2000, five months after the order had been entered. After receiving a response and motion to dismiss from the State, the circuit court summarily denied King's petition on October 31, 2000.
On appeal, the State requests that we remand this case to the circuit court for further proceedings. We agree that a remand is necessary. In Fountain v. State, 842 So.2d 719, 724 (Ala.Crim.App.2000), aff'd. in pertinent part, rev'd on other grounds, 842 So.2d 726 (Ala.2001), this Court recognized that a Rule 32 petitioner has the "right to petition a circuit court for an out-of-time appeal pursuant to Rule 32.1(f), Ala.R.Crim.P., of that court's denial of postconviction relief when the petitioner has been denied the ability to file a timely appeal because of a mistake by the circuit court." In addition, in Ex parte Johnson, 806 So.2d 1195 (Ala.2001), the Alabama Supreme Court held that denying a Rule 32 petitioner his ability to have the ruling on his petition reviewed on appeal violated the petitioner's right to procedural due process when the petitioner's inability to perfect a timely appeal was caused by the circuit court's failure to give adequate notice of its ruling.
In his petition, King pleaded facts that, if true, would entitle him to relief, i.e., an out-of-time appeal from the denial of his first Rule 32 petition. King alleged that he did not receive the circuit court's order *544 denying his first Rule 32 petition until August 2000, five months after the order was entered. The State did not refute King's claim in its motion to dismiss; therefore, King's allegations must be accepted as true. See, e.g., Ligon v. State, 833 So.2d 671 (Ala.Crim.App.2001); Davis v. State, 737 So.2d 1054 (Ala.Crim.App.1998); Rice v. State, 682 So.2d 484 (Ala.Crim.App.1995); and Kolmetz v. State, 623 So.2d 453 (Ala.Crim.App.1993).
We note that the circuit court found, as the State argued in its motion to dismiss, that King's claim was precluded by Rules 32.2(a)(4) and (b), Ala.R.Crim.P., because it was raised and denied in King's motion for an out-of-time appeal filed on August 11, 2000. However, the circuit court did not have jurisdiction to rule on King's motion for an out-of-time appeal and, therefore, that motion could not be used to preclude King's petition as successive.
There is no provision in Rule 32, or anywhere in the Alabama Rules of Criminal Procedure, providing for a "motion" for an out-of-time appeal from the denial of a previous Rule 32 petition. The proper avenue for seeking an out-of-time appeal from the denial of a Rule 32 petition is to file another Rule 32 petition in the circuit court or to file a petition for a writ of mandamus in this Court. See Ex parte Fountain, supra; Ex parte Johnson, supra; and Brooks v. State, [Ms. CR-00-1134, April 26, 2002] ___ So.2d ___ (Ala.Crim.App.2002). A simple motion, not recognized by the Rules of Criminal Procedure, filed when there is no action currently pending before the circuit court, is not sufficient to invoke that court's jurisdiction. Because the circuit court did not have jurisdiction to rule on King's motion for an out-of-time appeal, the fact that that motion was filed cannot be used to preclude as successive King's present Rule 32 petition requesting the same relief. Therefore, the circuit court erred in finding that King's claim was precluded.
Accordingly, we must remand this case to the circuit court for it to address the merits of King's claim that he failed to appeal the denial of his first Rule 32 petition through no fault of his own and to make specific findings of fact regarding that claim. The circuit court may either conduct an evidentiary hearing or take evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. Due return shall be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include the circuit court's written findings, along with a transcript of the evidentiary hearing, if any, or other evidence received by the court.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, J., concur. BASCHAB, J., concurs specially, with opinion, which WISE, J., joins.
BASCHAB, Judge, concurring specially.
I concur with the majority's opinion. However, I write specially to urge the Alabama Supreme Court to revisit its decisions in Ex parte Johnson and Ex parte Fountain and to clarify what is the appropriate procedure for seeking an out-of-time appeal from the denial or dismissal of a prior Rule 32 petition.