SHAW, Judge.
Toney Perez Palmer appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he requested an out-of-time appeal from the denial of a previous Rule 32 petition on the ground that he had failed to appeal the denial of the previous petition and that failure was through no fault of his own.
In his petition, Palmer alleges the following facts: In May 1999, he was convicted of first-degree robbery and was sentenced to 25 years’ imprisonment; this Court affirmed his conviction and sentence on direct appeal in an unpublished memorandum. See Palmer v. State, (No. CR-98-1510) 778 So.2d 880 (Ala.Crim.App.1999) (table). On or about January 19, 2000, he filed a Rule 32 petition challenging his conviction and sentence. On April 3, 2000, he was transported from the Draper Correctional Facility to the Montgomery County detention facility for a hearing on his petition held on April 4, 2000. Although the transport order issued by the circuit court ordered that he be returned to Draper following the hearing, he remained in the Montgomery County detention facility for over two months. The circuit court denied his petition on the day of the hearing, April 4, 2000, but the written order denying the petition was mailed to Palmer at Draper Correctional Facility and he did not receive it until he was returned to Draper in July 2000. He filed a notice of appeal when he received the circuit court’s order denying his petition, but this Court, without an opinion, dismissed the appeal as untimely filed. See Palmer v. State, (No. CR-99-2154, July 20, 2000) 814 So.2d 1024 (Ala.Crim.App.2000) (table).
Palmer argues in his petition that he is entitled to an out-of-time appeal from the denial of his previous Rule 32 petition because, he says, (1) the circuit court never informed him of his right to appeal and, thus, he did not know he could appeal the denial of the petition, and (2) he did not receive the circuit court’s order denying his petition until over two months after it had been entered, long after the 42 days for filing a notice of appeal had elapsed.
Contrary to Palmer’s contention, Rule 32 does not require a circuit court to inform a Rule 32 petitioner that he or she has the right to appeal the denial of a Rule 32 petition. Therefore, Palmer’s argument that he is entitled to an out-of-time appeal because he was not informed of his right to appeal is meritless. However, Palmer’s claim that he is entitled to an out-of-time appeal because he did not receive the circuit court’s order denying his petition until after the 42 days for filing a notice of appeal had passed is meritorious on its face. In Fountain v. State, 842 So.2d 719, 724 (Ala.Crim.App.2000), aff'd in pertinent part, rev’d on other grounds, 842 So.2d 726 (Ala.2001), this Court recognized that a Rule 32 petitioner has the “right to petition a circuit court for an out-of-time ap *753 peal pursuant to Rule 32.1(f), Ala.R.Crim.P., of that court’s denial of postconviction relief when the petitioner has been denied the ability to file a timely appeal because of a mistake by the circuit court.” See also Brooks v. State, [Ms. CR-00-1134, April 26, 2002] — So.2d - (Ala.Crim.App.2002). In addition, in Ex parte Johnson, 806 So.2d 1195 (Ala.2001), the Alabama Supreme Court held that denying a Rule 32 petitioner a review of the ruling on his petition violated the petitioner’s right to procedural due process when the petitioner’s inability to perfect a timely appeal wad caused by the circuit court’s failure to give adequate notice of its ruling.
In his second Rule 32 petition, Palmer pleaded facts that, if true, would entitle him to relief, i.e., an out-of-time appeal from the denial of his first Rule 32 petition. Palmer alleged that he did not receive the circuit court’s order denying his first Rule 32 petition until July 2000, over two months after the order was entered, because he was not transported back to Draper Correctional Facility immediately following the hearing and that, therefore, the failure to appeal the denial of the first petition was through no fault of his own. The State did not refute Palmer’s claim in its motion to dismiss his petition; therefore, Palmer’s allegations must be accepted as true. See, e.g., Ligon v. State, 833 So.2d 671 (Ala.Crim.App.2001); Davis v. State, 737 So.2d 1054 (Ala.Crim.App.1998); Rice v. State, 682 So.2d 484 (Ala.Crim.App.1995); and Kolmetz v. State, 623 So.2d 453 (Ala.Crim.App.1993). Accepting Palmer’s allegations as true, it appears that Palmer’s failure to appeal, although not the fault of the circuit court, was also not Palmer’s fault.
Accordingly, we must remand this case for the circuit court to address the merits of Palmer’s claim that the failure to appeal the denial of his first Rule 32 petition was through no fault of his own because he did not receive the circuit court’s order until after the time for filing a notice of appeal had passed and to make specific findings of fact regarding that claim. The circuit court may either conduct an evidentiary hearing or take evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. Due return shall be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include the circuit court’s written findings, along with a transcript of the evidentiary hearing, if any, or other evidence received by the court.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.