WELCH, Judge,
concurring in part and dissenting in part.
This case- is before us on return to remand, and the majority dismisses Christian Emerson Cornelison’s appeal as moot. I agree that the issue regarding trial counsel’s failure to challenge the search warrant and the issue regarding the sentence were resolved below and are now moot. I disagree with the majority as to its resolution of the third issue — whether trial counsel was ineffective because he failed to file a motion to withdraw Cornelison’s guilty plea.
The case before us originated as a Rule 32, Ala. R.Crim. P., petition. The circuit court dismissed the petition and, on appeal, this Court remanded the case by order on June 20, 2012, stating, in relevant part:
“Therefore, we remand this case to the circuit court to conduct an evidentiary hearing pursuant to Rule 32.9(a), Ala. R.Crim. P., to address the allegations of ineffective assistance of trial counsel raised by Cornelison in his petition and to ‘make specific findings of fact relating to each material issue of fact presented.’ Rule 32.9(d), Ala. R.Crim. P. The court is further instructed to take any necessary action as a consequence of the evi-dentiary hearing.”
The circuit court held an evidentiary hearing on Cornelison’s Rule 32 petition and, on August 17, 2012, the court entered an order it styled as “Preliminary Order on Rule 32 Petition.” (SRTR-C.12.)[1] A copy of the order was served on this Court. In that order, the circuit court stated that it had held a hearing on the Rule 32 petition, that the parties had stipulated that Cornelison had withdrawn his claim that counsel should have challenged the search warrant, that Cornelison’s claim for relief as to his sentence was granted, and that a revised sentencing order would be issued. As to Cornelison’s claim regarding counsel’s failure to file a motion to withdraw the guilty plea the circuit court stated: “[Cornelison’s] relief with regard to prior counsel not filing a written motion to withdraw his guilty plea GRANTED.” (SRTR-C.12.) At that point, the circuit court should have permitted Cornelison to withdraw his guilty plea, and the prosecution would have proceeded anew.
If the circuit court had submitted its remand at that point, dismissal of the appeal as moot would have proper. See, e.g., Boykin v. State, 708 So.2d 210 (Ala.Crim.App.1997)(addressing whether counsel was ineffective for failing to argue in a motion to withdraw the guilty plea that the appellant was misinformed of the minimum sentence, remanding the case to the trial court to determine whether the appellant was correctly informed of the minimum sentence, and, on return to remand, dismissing the appeal after the trial court, finding that the appellant was misin *939 formed as to the minimum sentence, set aside the appellant’s guilty plea); Wright v. State, 845 So.2d 836, 841 (Ala.Crim.App. 2001) (on return to first remand) (instructing the Rule 32 court that if it determined that trial counsel was ineffective for misinforming Wright before he entered his guilty plea and that the guilty plea was involuntary, it should set aside the guilty plea).
However, the circuit court in this case went further than to grant Cornelison relief on his ineffective-assistance-of-counsel claim. In its “Preliminary Order on Rule 32 Petition,” the court stated:
“3. [Cornelison’s] relief with regard to prior counsel not filing a written motion to withdraw his guilty plea GRANTED. [Cornelison’s] current counsel is ORDERED to file a written motion to withdraw his guilty plea within seven (7) days of this date. Upon receipt of said motion, the Court will set a second evi-dentiary hearing on the motion to withdraw guilty plea.
“4. Upon completion of the second evidentiary hearing, the Court will submit a final order on remand to the Alabama Court of Criminal Appeals.”
(SRTR-C.12.)(Emphasis added.)
Cornelison, through appointed counsel, filed a motion to withdraw the guilty plea. On August 23, 2012, the circuit court held a hearing on Cornelison’s motion to withdraw the guilty plea. Before evidence was taken at that hearing, the circuit court stated: “This originated as a Rule 32. The Court essentially granted [Corneli-son’s] Rule 32 petition and said that he was entitled to a hearing on his motion to withdraw the guilty plea.” (SRTR-R.18.)[2] The circuit court denied Cornelison’s motion to withdraw his guilty plea.[3]
The majority has correctly stated that, on return to remand, this Court is to review the circuit court’s disposition of Cornelison’s Rule 32 petition. However, because the circuit court not only disposed of the Rule 32 petition but also ordered the filing of a motion to withdraw the guilty plea and further disposed of that motion, that court created a hybrid Rule 32/mo-tion-to-withdraw proceeding that is, based on my research, without prior precedent, and is certainly outside the bounds of the law and the directions of this Court on remand. The problems presented by this proceeding are manifold, and the majority has recognized at least two of them, as evidenced by footnote 3 in the unpublished memorandum.
First, the majority has implicitly sanctioned a procedure that is not provided for by the Alabama Rules of Criminal Procedure or by any Alabama case or other authority. The majority states in a footnote:
“We note that, given the instructions in our remand order ‘to take any necessary action as a consequence of the evi-dentiary hearing,’ the circuit court did not exceed the scope of remand when it *940 allowed Cornelison to move to withdraw his guilty plea and allowed Cornelison to present evidence in support of his motion.”
I strongly disagree. It can never be “necessary” to conduct a proceeding that is not permitted by law. Moreover, this Court cannot, by way of its directions on remand or otherwise, empower a circuit court to proceed in a manner that contradicts the law. The only “necessary action” for the trial court to take in this case, having granted relief on Cornelison’s Rule 32 claim that counsel was ineffective for failing to file a motion to withdraw the guilty plea, was to set aside Cornelison’s guilty plea. The additional actions were not contemplated by the directions on remand, and they were outside the authority of the circuit court in this Rule 32 proceeding. The majority’s statement to the contrary suggests that the majority believes that, if Cornelison had not withdrawn his claim regarding counsel’s failure to challenge the search warrant, and if the trial court had granted relief on that claim of ineffective assistance of counsel, then the trial court could have ordered new counsel to file a motion challenging the warrant, and could have held a third hearing in order to consider the validity of the search warrant. If the circuit court denied Cornelison relief on the search-warrant issue, Cornelison would presumably attempt to appeal from that ruling, too. The scenario I have described is not sheer fantasy but would be the direct result of the majority’s resolution of this case, and it demonstrates the reasons this Court should now correct the errors in this case. The repercussions of our failing to do so at this point extend beyond the boundaries of this case.
Another difficulty left unresolved by the majority’s resolution of this case is that Cornelison has filed an appeal from the circuit court’s denial of his motion to withdraw his guilty plea. If the hybrid Rule 32/motion-to-withdraw-guilty-plea proceeding had not been created, and if the proceeding on remand had been limited to the resolution of the claims raised in the Rule 32 petition, and if a new motion to withdraw the guilty plea had not been ordered, filed, and disposed of following a second hearing in this Rule 32 proceeding, Corne-lison’s appeal from that motion would not be an issue now. But we are faced with that issue, and the majority states in footnote 3:
“We further recognize that, on October 12, 2012, Cornelison filed a notice of appeal from the denial of his motion to withdraw his guilty plea. The correctness of the circuit court’s ruling on Cornelison’s motion to withdraw his guilty plea, however, is not properly before this Court on return to remand. Instead, Cornelison filed a notice of appeal from the circuit court’s denial of his motion to withdraw his guilty plea and that matter is now the subject of a separate appeal.”
Because there is no mechanism in The Alabama Rules of Criminal Procedure or in our caselaw that provides for this hybrid proceeding, there is also no provision for an appeal of the denial of a motion to withdraw a guilty plea when the ruling was issued as part of a Rule 32 proceeding. The fact that Cornelison has filed a notice of appeal does not mean that this Court will review the underlying ruling and, more to the point, I believe that this Court will likely dismiss that appeal based on the majority’s holding in this case — that Cornelison was granted relief on the ineffective-assistance-of-counsel claim, and that, on return to remand, the appeal from that proceeding was dismissed.
The hybrid proceeding conducted in this case is an aberration. The majority has *941 chosen to deal with this aberration by stating: “On return to remand, we recognize that Cornelison either withdrew his Rule 32 claims or he was granted relief to which he was entitled and, thus, Cornelison has received all the relief sought.” I believe that this aberration has created significant problems for both Cornelison and this Court, and that the majority’s dismissal of the appeal leaves open the potential for the additional problems discussed above, and perhaps more that are, as yet, unforeseen. Having been presented with an unsanctioned hybrid proceeding, this Court has an obligation to set aside the results of that unsanctioned proceeding and to correct the apparent errors created by that proceeding. Dismissing this appeal on the ground that it is moot evades this Court’s obligation.
Therefore, the portion of the circuit court’s judgment granting relief on the Rule 32 claim should be affirmed, and Cornelison should be permitted to withdraw his guilty plea. This Court should reverse that portion of the circuit court’s judgment denying Cornelison’s newly filed motion to withdraw his guilty plea. The appeal from the denial of that motion should then be dismissed.
For all the foregoing reasons, I concur in part with the majority’s unpublished memorandum, and I dissent in part.

. Citations to the clerk’s record in the supplemental record on return to remand are designated (SRTR-C.).

. Citations to the transcript in the supplemental record on return to remand are designated (SRTR-R.).

. In granting relief on Cornelison’s claim alleging that trial counsel was ineffective for failing to file a motion to withdraw the guilty plea, the circuit court necessarily found that counsel’s performance was deficient and that the deficient performance resulted in actual prejudice. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It seems inconsistent to find prejudice based on counsel’s failure to file a motion to withdraw the guilty plea, when prejudice requires a showing "that there is a reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different,” Strickland, 466 U.S. at 694, and then to deny the motion to withdraw the guilty plea.