This is an appeal from the appellant's conviction for robbery in the first degree and sentence, as a habitual offender, to life imprisonment without possibility of parole.
The appellant's trial began on April 24, 1992, and recessed for lunch. The appellant, who was free on $10,000 bond, failed to return to the courtroom after the lunch recess. Upon a finding that the appellant had voluntarily absented himself from the proceedings, the trial court issued a bond forfeiture order and a capias warrant for the appellant's arrest, and continued the trial in the appellant's absence. The appellant was convicted and sentenced in absentia. His appellate counsel, who was also his trial counsel, raises four issues on appeal.
 I
The Attorney General filed a motion to dismiss the appeal on the ground that the appellant, by escaping, abandoned his right to appeal. There is no merit to this contention since, at the time the appellant failed to return to his trial, he was free on bond and did not "escape" from custody. See Gulledge v.State, 526 So.2d 654 (Ala.Cr.App. 1988). *Page 765 
 II
The trial court did not err by finding that the defense failed to prove a prima facie case of discrimination underBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609
(Ala. 1987). The jury venire was composed of 30 people, 7 (23%) of whom were black. The State struck three black persons and four black persons served on the jury (33%).
Under Harrell v. State, 571 So.2d 1270 (Ala. 1990),cert. denied, ___ U.S. ___, 111 S.Ct. 1641,113 L.Ed.2d 736 (1991), the appellant failed to present a prima facie case of discrimination.
 "A defendant must offer some evidence in addition to the striking of blacks that would raise an inference of discrimination. When the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created. Logically, if statistical evidence may be used to establish a prima facie case of discrimination, by showing a discriminatory impact, . . . then it should also be available to show the absence of a discriminatory purpose."
Harrell, 571 So.2d at 1271-72. The State was not required to come forward with the reasons for its strikes of the three black prospective jurors.
The appellant argued that he had provided other evidence, in addition to the striking of blacks, that would raise an inference of racial discrimination and contribute to a prima facie case, specifically the fact that the Montgomery County District Attorney's office had a history of racial discrimination. The trial court rejected that fact on the basis that "that history was established under a prior district attorney." R. 21.
 III
Although appellate counsel concedes that he received notice of the prior convictions upon which the State intended to rely for habitual offender sentencing, he argues that the trial court erred by sentencing the appellant in absentia
because the appellant did not personally receive formal notice of those convictions, or notice of the time, date and place of the sentencing proceeding.
Counsel relies on the following emphasized portion of Rule 26.7, A.R.Crim.P., relating to the defendant's right to be present at sentencing:
 "The defendant has the right to be present at the sentence hearing and at sentencing. Failure of the defendant to appear at the hearing or for sentencing will not delay the pronouncement and entry of judgment and sentence if the defendant's right to be present has been waived, either in writing or by the defendant's nonappearance after notice of the time, date, and place of the sentence hearing or sentencing."
Although Rule 26.7 appears to mandate that a defendant may not waive his presence at sentencing unless he has prior notice of the time, place and date of the sentencing proceedings, that rule must be read in conjunction with Rule 9.1, the general provision establishing a defendant's right to be present at every stage of the trial. Rule 9.1 provides in pertinent part:
"(b) WAIVER OF THE RIGHT TO BE PRESENT.
 "(1) Except as provided in subsection (2), a defendant may waive the right to be present at any proceeding in the following manner:
". . . .
 "(ii) By the defendant's absence from any proceeding, upon the court's finding that such absence was voluntary and constitutes an understanding and voluntary waiver of the right to be present, and that the defendant had notice of the time and place of the proceeding and was informed of the right to be present.
 "(2) A defendant may not waive the right to be present if:
". . . .
 "(ii) The defendant is not represented by counsel at the proceedings at which the defendant is not present, except in minor misdemeanor cases or proceedings *Page 766 
conducted after the defendant has been adjudicated guilty."
While Rules 26.7 and 9.1 speak in terms of "waiver" of the right to be present, "it would seem preferable to view the matter [under the circumstances present here] in terms of forfeiture of a right by misconduct." 3 W. LaFave J. Israel,Criminal Procedure § 23.2 at 7 (1984). Reading both Rule 26.7 and Rule 9.1 together, we conclude that a defendant who has been present for the beginning of the guilt adjudication stage of his trial and then voluntarily absents himself forfeits his right to be present for the remaining portions of his trial, including the sentencing stage, if sentencing immediately follows the verdict. Our conclusion that the appellant forfeited his right to be present for the balance of his trial, including and especially sentencing, is supported by the record before us. The appellant was fully aware, before trial, that in the event of a conviction for the charged offense, the only possible sentence was life imprisonment without possibility of parole. Discussing a plea bargain offer before trial, all parties acknowledged that the appellant's conviction for the indicted offense would result in a mandatory life without parole sentence.
The appellant attempted to delay his trial by expressing dissatisfaction with his appointed counsel and by asking for the opportunity to retain new counsel, saying, "You think I want to go through with my life in jail in prison with somebody ain't trying to help me?" R. 9. Furthermore, the assistant district attorney informed the trial judge that he had information suggesting that the appellant had attempted to bribe the victim not to testify. In short, the record leaves little doubt that the appellant failed to return to the courtroom precisely because he was aware of the probability of his conviction and what would then occur at sentencing.
In Taylor v. United States, 414 U.S. 17,94 S.Ct. 194, 38 L.Ed.2d 174 (1973), the court observed:
 "It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial, entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us, as it did to the Court of Appeals, 'that a defendant who flees from a courtroom in the midst of a trial — where judge, jury, witnesses and lawyers are present and ready to continue — would not know that as a consequence the trial could continue in his absence.' "
414 U.S. at 20, 94 S.Ct. at 196. We find that the observations of the Taylor Court with respect to the defendant's knowledge that the trial would continue in his absence to be equally applicable to the defendant's knowledge that thesentencing proceeding would continue in his absence. We hold that the appellant forfeited his right to be present atall stages of the proceedings against him.
 IV
The appellant's attorney claims that the appellant did not receive the effective assistance of counsel at sentencing because he (the attorney) was unable to make any effective objections without his client present at the sentencing proceeding. It is well settled that claims of ineffective assistance of counsel cannot be raised for the first time on appeal. Ex parte Jackson, 598 So.2d 895, 897 (Ala. 1992). Counsel objected to the use of certified copies of three prior convictions on two grounds: that the Habitual Felony Offender Act was unconstitutional and that "I'm not sure if these prior convictions are even my client." R. 112. The court overruled the objections, specifically finding that the appellant was the same person named in the judgment entries evidencing the three prior felony convictions. The record contains nothing to undermine the correctness of that finding. Under the circumstances, we hold that there was no error in the appellant's sentencing proceeding.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 767