Michael Lancaster appeals from the summary denial of his petition for post-conviction relief filed under Rule 32, A.R.Crim.P. The uncontradicted facts, as alleged by the appellant, are as follows: The appellant pleaded guilty in the Circuit Court of Houston County to the unlawful possession of cocaine on May 20, 1986. He was conditionally sentenced to 10 years' imprisonment, and a final sentencing hearing was scheduled for July 7, 1986. During the interim, the trial court was to decide whether the appellant would be granted probation. On May 20, the appellant was released on $10,000 bond. After his release but before the final sentencing hearing, the appellant appeared in federal court to be sentenced on a separate charge. At the federal court sentencing hearing, the appellant was sentenced to 12 years' imprisonment. The appellant immediately began serving his federal prison sentence at a federal correctional institution in North Carolina. On July 7, 1986, the trial court of Houston County sentenced the appellant, in absentia, to 10 years' imprisonment. The appellant did not directly appeal. The appellant is now incarcerated at the federal correctional institution in Talladega, Alabama.
The appellant, in his Rule 32 petition, alleges that the Alabama trial court was without jurisdiction to sentence him. He raises several points that he contends are error:
 (1) There was a violation of his right to be present at the sentencing hearing pursuant to Rule 9.1(a), A.R.Crim.P.; Rule 26.7, A.R.Crim.P.
 (2) The court erred when a sentencing hearing was held in his absence even though he did not waive his right to be present at the sentencing hearing pursuant to Rule 9.1(c), A.R.Crim.P.
 (3) There was a violation of his right to have a presentence investigation report completed prior to his sentencing hearing pursuant to Rule 26.3(a)(2), A.R.Crim.P.
 (4) There was a violation of his right to obtain a copy of his presentence investigation report pursuant to Rule 26.3(c), A.R.Crim.P.
 (5) There was a failure to obtain copies of the presentence investigation report prior to the sentencing hearing pursuant to Rule 26.6(b)(1), A.R.Crim.P.
 (6) There was a failure to allow the appellant the opportunity to present any evidence which may bear on the sentence to be imposed pursuant to Rule 26.6(b)(2), A.R.Crim.P.
 (7) There was a failure to impose a sentence which is the least restrictive sanction consistent with the protection of the public and the gravity of the crime pursuant to Rule 26.8, A.R.Crim.P.
 (8) There was a failure to allow the appellant an opportunity to make a statement in his own behalf before sentence was imposed pursuant to Rule 26.9(b)(1), A.R.Crim.P.
 (9) There was a failure to state that credit will be given toward his prison sentence for time served; failure, upon application and finding of indigency, to appoint counsel on appeal, and to provide a free transcript of the proceedings pursuant to Rule 26.9(b)(2), A.R.Crim.P.
 (10) There was a failure to explain to the appellant the terms of his sentence pursuant to Rule 26.9(b)(3), A.R.Crim.P.
 (11) There was a failure to inform the appellant of his right to appeal pursuant to Rule 26.9(b)(4), A.R.Crim.P.
 (12) There was a failure to appoint the appellant counsel on appeal, after application and a finding of indigency pursuant to Rule 26.10, A.R.Crim.P.
The appellant also alleged that the trial judge was aware both of the existence and of the date of his upcoming federal sentencing hearing, but that he nevertheless held the final sentencing hearing in the appellant's absence. The appellant contends that because he was not present during the final *Page 1372 
sentencing hearing and was not afforded the opportunity to exercise his rights during the sentencing hearing, the trial court was without jurisdiction to impose a sentence during the July 7, 1986, sentencing hearing. In response to the appellant's petition, the state filed a standard form entitled "Motion for Summary Disposition." The trial court granted the state's motion, and dismissed the petition without a hearing, stating that the petition failed to state a claim for which relief could be granted, that it was successive, and that it was filed beyond the period of limitations.
The state contends that the appellant's petition for post-conviction relief under Rule 32, A.R.Crim.P., is procedurally barred for two reasons: (1) because the appellant filed his petition after the two-year period of limitations provided for under that rule had expired, and (2) because the appellant could have raised the issues on direct appeal, but failed to do so.
Generally, questions of subject matter jurisdiction are not waivable. Therefore, the lack of subject matter jurisdiction may be raised for the first time on appeal. Mobile Gulf R.R.v. Crocker, 455 So.2d 829 (Ala. 1984). Subject matter jurisdiction also may be attacked in a petition for post-conviction relief under Rule 32, A.R.Crim.P. Ex parteWard, 540 So.2d 1350 (Ala. 1988) (interpreting Rule 20, A.R.Crim.P.Temp., predecessor to Rule 32, A.R.Crim.P.).
"It is settled that the continuous presence of the defendant from arraignment to sentence is an essential part of the process provided for the trial of the defendant and without which the court has no jurisdiction to pronounce judgment against him." Neal v. State, 257 Ala. 496, 59 So.2d 797 (1952). Trials in absentia are generally condemned as violative of every principle of justice and fairness. Illinois v. Allen,397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1969); Lewis v. UnitedStates, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892);McMillian v. State, 594 So.2d 1253 (Ala.Cr.App. 1991); Bernessv. State, 263 Ala. 641, 83 So.2d 613 (1955). However, a person is not permitted to sabotage justice by voluntarily absenting himself. Taylor v. United States, 414 U.S. 17,94 S.Ct. 194, 38 L.Ed.2d 174 (1973); Diaz v. United States,223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); Flowers v. State,608 So.2d 764 (Ala.Cr.App. 1992); Gulledge v. State,526 So.2d 654 (Ala.Cr.App. 1988). See also Rule 9.1, A.R.Crim.P. In some instances, a defendant has contrived to be incarcerated on some minor infraction in a municipal or other jurisdiction. Courts have ruled that the underlying offense and the resulting incarceration were "voluntary."
There is no hard and fast universal rule to determine which issues involve subject matter jurisdiction and are therefore non-waivable. Alabama case law indicates several issues that are reviewable by this court in a motion for post-conviction relief, even if they have not first been presented to the trial court or raised on direct appeal. The Alabama Supreme Court has held that "[w]hen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review." Ex parte Brannon, 547 So.2d 68, 68 (Ala. 1989); Ferguson v. State, 565 So.2d 1172, 1173 (Ala.Cr.App. 1990). See also Ex parte Peterson, 466 So.2d 984 (Ala. 1984) (wherein the Alabama Supreme Court held that the trial court's enhancement of the appellant's sentence by a prior conviction that was indisputably, on its face, not proper for use in enhancement was subject to review even though the appellant had not objected in the lower court); Nicastro v. State,624 So.2d 665 (Ala.Cr.App. 1992) (wherein this court held that when an appellant is sentenced pursuant to the Habitual Felony Offender Act after the state has failed to give sufficient notice of the specific prior convictions to be used to invoke the act, an illegal sentence results); Robinson v. State, 562 So.2d 277
(Ala.Cr.App. 1990) (wherein this court held that the appellant's failure to appeal his adjudication and sentence as a youthful offender did not bar his post-conviction challenge to the legality of the sentence). This court also has held that a claim of insufficiency of the indictment, in that it failed to charge an offense, could not be procedurally barred. Wilsonv. State, 582 So.2d 588 (Ala.Cr.App. 1989). *Page 1373 
A failure to honor the right to have counsel present at sentencing and the right of the defendant to speak on his own behalf before sentence is pronounced renders the sentence erroneous. Ex parte Anderson, 434 So.2d 737 (Ala. 1983);Anderson v. State, 546 So.2d 1013 (Ala.Cr.App. 1989) (wherein this court held that the allegation that the sentence was illegal was not procedurally barred from being raised in a Rule 20, A.R.Crim.P.Temp. [now Rule 32, A.R.Crim.P.] petition even though the issue could have been but was not raised on direct appeal).
Here, we find that the period of limitations set forth in Rule 32.2(c), A.R.Crim.P., applies only to the grounds specified in Rule 32.1(a),[1] (e),[2] and (f).[3] The ground stated in Rule 32.1(b), that "[t]he court was without jurisdiction to render judgment or to impose sentence," is not subject to the two-year period of limitations of Rule 32.2(c) under the very language of Rule 32.2(c) itself. Therefore, the appellant can correctly raise the ground stated in Rule 32.1(b) after the two-year period of limitations has expired. See Davis v. State, 571 So.2d 1287
(Ala.Cr.App. 1990).
Further, this court held in Ferguson v. State, supra, 565 So.2d at 1173, that "[a] claim of a lack of jurisdiction to render judgment or to impose sentence is not precluded as a basis for relief by Rule 20.2 [now Rule 32] even though the question of jurisdiction could have been but was not raised at trial or on appeal." See also Ex parte Brannon, 547 So.2d 68
(Ala. 1989). Therefore, the appellant correctly raised the issue of a lack of jurisdiction, and it is not barred from our review, even if the issue could have been raised at trial or on direct appeal.
Thus, the appellant's presence at the sentencing hearing, his ability to speak on his behalf before sentence is pronounced, notification of his right to appeal, and his right to have counsel appointed on appeal are jurisdictional matters, which cannot be waived. Because the appellant's claims of lack of jurisdiction are not procedurally barred and are not contested, the trial court should have held an evidentiary hearing on the appellant's petition, which was meritorious on its face, i.e., one which contains matters and allegations which, if true, entitle the petitioner to relief. Ex parte Boatwright,471 So.2d 1257 (Ala. 1985); Smith v. State, 581 So.2d 1283
(Ala.Cr.App. 1991).
The trial court erred in summarily dismissing the petition. The appellant's petition is facially meritorious, and he is entitled to an opportunity to prove lack of jurisdiction of the court to sentence him. If the allegations prove to be true, counsel should be appointed to assist the petitioner during the new sentencing hearing. Therefore, this cause is remanded so that an evidentiary hearing can be held and the trial court can make appropriate findings of fact, as required by Rule 32.9(d), A.R.Crim.P., on the appellant's jurisdictional claims. Due return of the trial court's findings should be filed with this court within 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur, except BOWEN, P.J., who dissents with opinion.
[1] Rule 32.1(a) provides: "The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief."
[2] Rule 32.1(e) provides, in pertinent part: "Newly discovered material facts exist which require that the conviction or sentence be vacated by the court. . . ."
[3] Rule 32.1(f) provides: "The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part."