LONG, Judge.
The appellant, Mark Flowers, appeals from the circuit court’s denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. In his petition, the appellant attacked his April 1992 conviction for robbery in the first degree and his sentence, as a habitual offender, to life imprisonment without the possibility of parole. The appellant’s conviction was affirmed on direct appeal by this court on October 23, 1992. Flowers v. State, 608 So.2d 764 (Ala.Cr.App.1992).
The appellant raised numerous grounds for relief in his Rule 32 petition, including various allegations of ineffective assistance of trial counsel. The record indicates that the appellant was represented at trial and on appeal by appointed counsel, the Honorable Clay Callaham, who died in September 1994. We cannot agree with the state’s argument on appeal that the appellant’s claims of ineffective trial counsel were procedurally barred as claims that could have been, but were not, raised before the trial court in a motion for new trial. Although Mr. Callaham did allege on direct appeal that he had afforded the appellant ineffective assistance at trial, Mr. Callaham’s argument in this regard was limited to a claim that he was ineffective because, he said, he was hindered from making effective objections at the appellant’s sentencing hearing because of the appellant’s voluntary absence from that proceeding. Flowers, 608 So.2d at 766. It cannot fairly be expected that Mr. Callaham would have filed a motion for new trial alleging that he had made various errors at trial or strongly asserting that his own performance was unprofessional. Therefore, we find that the issues of ineffective counsel were not procedurally barred and could properly be raised in the appellant’s Rule 32 petition. Ex parte Jackson, 598 So.2d 895 (Ala.1992). See Ex parte Besselaar, 600 So.2d 978 (Ala.1992) (when petitioner was represented by same counsel at trial and on appeal, review of claim of ineffective assistance of counsel is available through Rule 32 petition).
An evidentiary hearing on the appellant’s petition was held before the Honorable William Gordon on December 12, 1994, and on January 20, 1995, Judge Gordon entered a thorough and well-reasoned order denying the appellant’s petition. The disposition of the appellant’s claims is discussed below.
I. CLAIMS OF INEFFECTIVE COUNSEL
The appellant raised eight claims of ineffective assistance of trial counsel. Judge Gordon denied each of these claims on the merits. His findings with respect to each claim are set forth below.
“[1.] Flowers contends that Callaham was ineffective at trial because ... he failed to file a motion to dismiss the indictment and to quash the grand jury venire because of systematic exclusion of blacks from the grand jury, and systematic exclusion of black grand jury forepersons[.]
“At the hearing on this petition, Flowers presented no evidence to support his claim of systematic exclusion of blacks from the grand jury or the systematic exclusion of black forepersons from the grand jury. Therefore, his claims of ineffective assistance on these grounds will be denied.”
(C. 36-37.)
“[2.] Flowers contends that Callaham was ineffective at trial because ... Calla-ham failed to ask any of the venire members (a) if any had served on criminal juries within the past 30 years, and (b) if any venire persons or relatives or close friends had been the victim of any type of violent crime[.]
“The Court holds that Mr. Callaham was not ineffective for failing to ask if any of the venire members had served on a criminal jury within the past 30 years. An extensive juror questionnaire is used in this circuit, and, in pertinent part, it requires the venire person to answer whether they have ever served on a grand jury; whether they have ever served on a jury trial before and further requires them to list the year and whether the jury trial was a civil or criminal trial together with the verdict; and it also requires the venire persons to state whether they have ever *1385 served as a foreperson of a jury. Therefore, this information was readily available to Mr. Callaham and there was no need to voir dire the jury on this subject. In addition, the questionnaire also requires the venire persons to disclose whether either the venire persons or a close friend or relative have ever been the victim of a crime, and, if the venire persons respond in the affirmative, they must describe the crime. Therefore, this information was also available to Mr. Callaham before trial and there was no need to voir dire the jury on this point. Therefore, the Court finds that Callaham was not ineffective for failing to question the venire persons on these matters.”
(C. 36-38.)
“[3.] Flowers contends that Callaham was ineffective at trial because ... he failed to strike Willie M. and Patricia D. from the jury[.]
“Initially, the Court notes that the veni-re was asked if any of them was acquainted with Mr. Flowers or any member of his family. None of the jurors responded that they were acquainted with Mr. Flowers. In addition, Ms. D. informed the Court and the lawyers that her husband was a correctional officer; however, there was no indication from Ms. D. that her husband has ever told her about any prior difficulties with Mr. Flowers, assuming that he had prior difficulties with Mr. Flowers. Mr. M. informed the Court that he worked for the Montgomery County Detention Facility about two years ago; however, there was no indication that he knew Mr. Flowers and had any reason to be unfair to Mr. Flowers at trial. Therefore, this ground of Flowers’ motion will be denied.”
(C. 36-39.)
“[4.] Flowers contends that Callaham was ineffective at trial because ... he failed to object to the prosecution striking whites from the jury in violation of Batson v. Kentucky [.]
“At the hearing in this ease, Flowers presented no evidence to establish a prima facie violation of Batson v. Kentucky because the State struck whites from the jury. Therefore, this ground of his petition will be denied.”
(C. 36-39.)
“[5.] Flowers contends that Callaham was ineffective at trial because ... he failed to properly investigate the ease by interviewing several alibi witnesses!)]
“The Court finds that Callaham was not ineffective [for] failing to investigate, if he did fail to investigate the facts of this case, and the Court further finds that he was not ineffective [for] failing to interview alleged alibi witnesses.
“The Court has reviewed the record of this trial. In this regard, the pretrial proceedings on pages 3-13 are illuminating and clearly indicate why Callaham may have not investigated this case. In short Mr. Flowers failed to keep scheduled appointments to assist the attorney in the preparation of a defense. Flowers cannot at this time seek to shift the blame for his dereliction to his attorney. If Callaham was in fact unprepared for trial, it was through no fault of Mr. Callaham. Therefore, this ground of [the] petition is denied.”
(C. 36-39.)
“[6.] Flowers contends that Callaham was ineffective at trial because ... he failed to object to the testimony of the State’s witness (Officer Gordon) that Flowers did not make a statement after he was seized[.]
“Officer Gordon did testify, in response to the prosecution’s question, that Flowers did not make a statement at the scene where the vehicle was stopped. True, as alleged by Mr. Flowers, Callaham made no objection to this response. However, the State put the identical question to Investigator Baldwin and Callaham objected to the question and Baldwin’s answer and moved for a mistrial. The Court immediately sustained the objection and instructed the jury that they were to disregard the question and the answer, and the Court *1386 further instructed the jury that Flowers was not under any obligation to give a statement. Callaham’s motion for mistrial was denied. In view of the subsequent action of Mr. Callaham on this point, and further in view of the overwhelming evidence against Mr. Flowers, the Court concludes that the answer given by Office Gordon was not prejudicial to Flowers’ right to a fair trial.”
(C. 36-41.)
“[7.] Flowers contends that Callaham was ineffective at trial because ... he failed to advise Flowers that he (Callaham) had cancer and was physically unable to try the case[.]
“Flowers has failed to show that at the time of this trial Callaham was suffering from cancer. In addition, the Court has a recollection of this trial, and the Court recollects that Mr. Callaham performed without any physical or mental limitations and did his best to defend Flowers, even after Flowers voluntarily absented himself from the proceedings. Except for the issue discussed immediately above, Calla-ham made a Batson v. Kentucky motion alleging that the State impermissibly struck black venire persons, he made timely and cogent objections, and attempted in every way possible to protect Flowers’ rights. The Court finds that Callaham was not ineffective for failing to disclose to Flowers that he had cancer, assuming Cal-laham was aware at the time of this trial that he had cancer.”
(C. 36-41.)
“[8.] Flowers contends that Callaham was ineffective at trial because ... he brought out on cross-examination of the State’s witnesses that Flowers was identified in a photo line-up.
“On cross-examination of one of the victims of the robbery, Callaham attempted to impeach the victim’s identification by asking him, ‘Isn’t it true that you told one of the investigators at the photo line-up that you weren’t really sure’ that the picture of Flowers shown to him was the person who robbed him? However, this is not the only evidence of the photo line-up. In the State’s direct examination of other officers, evidence of the photo line-up and the victim’s identification of Flowers in that line-up was brought out. While the Court finds that it may have been well that Callaham had not asked the question complained about, under the facts of this case, this does not render him ineffective under the Strickland v. Washington [, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),] standard.
“The Court notes that Flowers was also identified by another victim of the robbery, and the clothing that he wore on the night of the robbery was identified and the goods stolen from the victim were found in the vehicle which Flowers was riding in at the time the ear was stopped by police. In addition, Flowers gave a false name to the police officers at the scene of the stop.
“In summary, the evidence in this case was quite overwhelming as to Flowers’ guilt, and the Court finds that the question asked and the answer received did not prejudice Flowers’ rights.”
(C. 36-40.)
We have determined that Judge Gordon’s findings are supported by the record, and we adopt his order as part of this opinion. Therefore, we hold that the appellant’s claims of ineffective counsel were properly denied.
II. OTHER CLAIMS FOR RELIEF
In his Rule 32 petition, the appellant also alleged as a ground for relief newly discovered evidence. Specifically, he argues that he was denied a fair trial because, he claims, several jurors failed to disclose during voir dire that they had close relatives or friends who, before the trial and at the time of the trial, were involved in law enforcement. With respect to this claim, Judge Gordon found as follows:
“At the hearing on this proceeding, Flowers failed to offer any proof that any venire person failed to truthfully respond to voir dire regarding whether they had close friends or relatives previously engaged in law enforcement or currently en *1387 gaged in law enforcement. The Court notes that two of the jurors, M. and D., disclosed in open court their law enforcement connections.”
(C. 41 — 42.)
Judge Gordon’s findings in this regard are also supported by the record, and we find that he correctly denied the appellant relief on this claim.
The appellant further alleged in his petition that his sentence was unauthorized because, he says, he was sentenced in absen-tia and denied a sentencing hearing. With respect to this claim, Judge Gordon stated:
“The Court finds that this issue is precluded and the State’s motion to dismiss this claim because it is precluded will be granted.”
(C. 42.)
The record reflects that this issue was raised by the appellant on direct appeal and was decided adversely to him. Flowers, 608 So.2d at 765-66. The claim is therefore precluded under Rule 32.2(a)(4), Ala.R.Crim.P., and Judge Gordon’s ruling was correct.[1]
For the reasons stated above, the judgment of the circuit court is due to be, and is hereby, affirmed.
AFFIRMED.
All Judges concur.

. The appellant raised a number of other claims in his petition, which Judge Gordon properly dismissed before the evidentiary hearing on the grounds of preclusion asserted by the state in its motion to dismiss the petition. The appellant does not appear to pursue these claims in this appeal. See Rule 32.2(a), Ala.R.Crim.P. Furthermore, we do not address claims that the appellant has raised for the first time in his brief but did not present to the circuit court in his Rule 32 petition.