William Larry Sullivan appeals the circuit court's summary denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief, in which he attacked the sentence imposed on him for his March 1990 conviction for murder. Sullivan appealed his conviction, and this Court affirmed the conviction with an unpublished memorandum. Sullivan v. State,586 So.2d 309 (Ala.Crim.App. 1991) (table). On February 22, 2005, Sullivan filed this Rule 32 petition, raising what he alleged to be constitutional and jurisdictional claims as well as alleging that newly discovered material facts required that the conviction and/or sentence be vacated by the court. All these claims stem from Sullivan's assertion that he was sentenced under the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975, based on a 1979 marijuana-possession conviction of which, he contends, he was fully and unconditionally pardoned in 1983 or 1984. In response to Sullivan's petition, the State asserted that the Alabama Board of Pardons and Paroles did not have any record of Sullivan's receiving a pardon for any offense. The State also represented to the trial court that the Alabama Board of Pardons and Paroles did have record of a letter from Governor Don Siegelman's office in 2000 requesting that Sullivan be pardoned, but the Board did not honor that request. (R. 24.)
The trial court did not hold an evidentiary hearing but instead denied Sullivan's petition. However, on May 17, 2005, the trial court entered an order finding that Rule 32.2(a)(3)-(4), Ala. R.Crim. P., barred Sullivan from receiving relief because the record did not reflect that he had ever raised in a previous appellate proceeding the issue regarding receiving an enhanced *Page 166 
sentence based on a conviction for which he claimed he had been pardoned. The trial court also held that Sullivan's petition was successive under Rule 32.2(b), Ala. R.Crim. P. Further, the trial court held that Sullivan had not met his burden of pleading and proving the fact necessary to entitle him to relief and he failed to clearly state with specificity a statement of grounds upon which relief was sought. (Supp. R. 6-7.)[1]
On appeal, Sullivan argues the trial court erred by not having a hearing pursuant to Rule 32.9, Ala. R.Crim. P., because without a hearing he was unable to prove the facts he alleged in his petition. We agree.
 As we have previously stated: "`Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So.2d 364, 406
(Ala.Crim.App. 1999). In other words, it is not the pleading of a conclusion "which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So.2d 1370, 1373 (Ala.Crim.App. 1993). It is the allegation of facts in pleading which, if true, entitle a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R.Crim. P., to present evidence proving those alleged facts."
Boyd v. State, 913 So.2d 1113, 1125
(Ala.Crim.App. 2003). A Rule 32 petitioner is not automatically entitled to an evidentiary hearing on any and all claims raised in his petition. Boyd, 913 So.2d at 1126. Rule 32.7(d) permits a trial court to summarily dismiss the petition in certain circumstances. For example, the trial court may summarily dismiss a petition when a simple reading of the petition shows that, assuming every allegation of the petition is correct, the petition is obviously without merit or is precluded. Boyd, 913 So.2d at 1126. That is not the case here.
Rule 32.3 places the burden of pleading by the preponderance of the evidence the facts necessary to entitle the petitioner to relief. Sullivan pleaded in his petition that his sentence has been enhanced based on a conviction for which he was later pardoned. Without reaching the merits of the petition, we note that if Sullivan's allegations are true then this may be sufficient grounds for granting his petition. The State argued in response to Sullivan's petition that the Board of Pardons and Paroles did not have any record of Sullivan's having been pardoned for any conviction. Because of this question of fact, the trial court should have held a hearing pursuant to Rule 32.9 or received evidence in an alternative manner as allowed by that rule. It did not. Instead, the trial court entered an order making findings of facts that are not supported by the record. (Supp. R. 6-7.)
Therefore, we reverse the trial court's order denying Sullivan's petition for post-conviction relief and remand this matter for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] "Supp. R." denotes items contained in the supplemental record. *Page 954