William Keith Robey appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his January 22, 1991, conviction, entered pursuant to a guilty plea, for unlawful possession of a controlled substance and his resulting sentence of one year and one day in prison. Robey stated in his petition that he did not appeal.
Robey filed his Rule 32 petition on January 12, 2006. In his petition, Robey alleged that the trial court lacked jurisdiction to accept his plea because, he said, the trial court never informed him of his right *Page 1236 
to appeal or of his right to have counsel appointed to represent him on appeal if he was determined to be indigent.[1] See Rule 26.9(b)(4), Ala.R.Crim.P.[2] After receiving a response from the State, the circuit court summarily denied Robey's petition on March 31, 2006.
On appeal, Robey contends that the circuit court erred in summarily denying his petition without conducting an evidentiary hearing because, he says, his claim is jurisdictional, meritorious on its face, and was unrefuted by the State. In support of his argument, Robey cites to Lancaster v.State, 638 So.2d 1370 (Ala.Crim.App. 1993). InLancaster, the appellant filed a Rule 32 petition alleging, among other things, that he was sentenced in absentia without being afforded allocution, Rule 26.9(b)(1), Ala. R.Crim.P., and without being notified of his right to appeal, Rule 26.9(b)(4), Ala. R.Crim.P., and that he was not appointed counsel to represent him on appeal after he was found to be indigent, Rule 26.10, Ala.R.Crim.P. The circuit court summarily denied the petition, but this Court remanded for an evidentiary hearing, holding:
 "[T]he appellant's presence at the sentencing hearing, his ability to speak on his behalf before sentence is pronounced, notification of his right to appeal, and his right to have counsel appointed on appeal are jurisdictional matters, which cannot be waived. Because the appellant's claims of lack of jurisdiction are not procedurally barred and are not contested, the trial court should have held an evidentiary hearing on the appellant's petition, which was meritorious on its face, i.e., one which contains matters and allegations which, if true, entitle the petitioner to relief. Ex parte Boatwright, 471 So.2d 1257 (Ala. 1986); Smith v. State, 581 So.2d 1283 (Ala.Cr.App. 1991)."
638 So.2d at 1373 (emphasis added).
Lancaster has already been overruled to the extent that it held that the failure to afford a defendant allocution before sentencing is a jurisdictional defect. See Shaw v.State, 949 So.2d 184 (Ala.Crim.App. 2006) ("A claim that a defendant was not afforded the, opportunity to address the court before the sentence is imposed is not a jurisdictional claim."). The additional holding in Lancaster — that the failure to comply with Rule 26.9(b)(4), Ala. R.Crim.P., is a jurisdictional defect — is inconsistent with numerous cases in which this Court has recognized that a trial court's failure to comply with Rule 26.9(b)(4), Ala. R.Crim. P., and to inform a defendant of his or her right to appeal a guilty-plea conviction can be harmless error. See Tanner v.State, 624 So.2d 703, 706 (Ala.Crim.App. 1993) ("[B]ecause the appellant has in fact appealed his convictions and has not suffered any prejudice whatsoever, the error in the failure of the trial court to advise the appellant of his right to appeal is harmless. Rule 45, A[la].R.App.P."); Pardue v.State, 566 So.2d 502 (Ala.Crim.App. 1990) (same); andStephenson v. State, 469 So.2d 1355
(Ala.Crim.App. 1985) (same). Jurisdictional defects are not subject to a harmless-error analysis. See, e.g., Tucker v. State,833 So.2d 668, 669 (Ala.Crim.App. 2001) ("`[J]urisdictional issues [are not] subject to a harmless error analysis.'"), quoting Poole v. State, 846 So.2d 370, 387
(Ala.Crim.App. 2001). See also Ash v. State,843 So.2d 213, 219 (Ala. 2002) (Brown, J., concurring *Page 1237 
in the result, joined by Houston, J.) ("A jurisdictional defect defies analysis by a harmless-error standard and is per se ground for reversal, requiring no consideration of whether the defendant was prejudiced as a result of the error."), overruled on other grounds by Ex parte Seymour, 946 So.2d 536
(Ala. 2006). As we have already held with respect to the failure to afford allocution under Rule 26.9(b)(1), Ala.R.Crim.P., we now hold that the failure of a trial court to comply with Rule 26.9(b)(4), Ala.R.Crim.P., and to advise a defendant of his or her right to appeal a guilty-plea conviction and to have counsel appointed on appeal if he or she is indigent is not a defect that impacts the jurisdiction of the trial court,[3] and we expressly overrule Lancaster to the extent that it holds otherwise.
Because Robey's claim does not implicate the jurisdiction of the trial court, it is time-barred by Rule 32.2(c), Ala.R.Crim.P., because Robey's petition was filed almost 15 years after the time for filing an appeal had lapsed. Therefore, summary denial of Robey's petition was proper.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] Robey additionally argued that he was prejudiced by these omissions because, he said, he had meritorious issues to raise on appeal.
[2] Effective August 1, 2002, Rule 14.4, Ala. R, Crim.P., was amended to also include the requirement that the trial court inform a defendant of the limited right to appeal a guilty-plea conviction.
[3] This Court has so held in numerous unpublished memoranda.
 *Page 117