I dissent from the majority's decision to deny this petition for a writ of certiorari because I believe that this Court needs to address the issue presented by the petition and clarify the law on subject-matter jurisdiction in criminal cases.
In 1992, William Keith Robey pleaded guilty to possession of a controlled substance. The trial court entered a judgment of conviction and imposed sentence. Robey did not appeal. In 2006, Robey filed a petition for postconviction relief, pursuant to Rule 32, Ala. R.Crim. P., in the circuit court claiming that the trial court was without jurisdiction to render judgment or to impose sentence for his conviction for possession of a controlled substance. See Rule 32.1(b), Ala. R.Crim. P. According to Robey, the trial court at the pronouncement of his sentence failed to inform him of his right to appeal the conviction and his right to have counsel appointed to represent him on appeal.[1] Robey argued that this alleged procedural deficiency during the pronouncement of his sentence divested the trial court of jurisdiction to hear and determine his case. The circuit court, after receiving a response from the State, summarily denied the petition.
The Court of Criminal Appeals affirmed the circuit court's denial of Robey's Rule 32 petition in an unpublished memorandum.Robey v. State (CR-05-1300, June 16, 2006), ___ So.2d ___ (Ala.Crim.App. 2006) (table). In its unpublished memorandum, the Court of Criminal Appeals held that the circuit court properly denied Robey's petition because Robey presented a nonjurisdictional claim that was procedurally barred as successive (see note 1) *Page 364 
and that was outside the limitations period. See Rule 32.2(b) and (c), Ala. R.Crim. P.
Robey filed a petition for a writ of certiorari with this Court, seeking review of the Court of Criminal Appeals' decision.[2] In his petition for a writ of certiorari, Robey contends that the holding of the Court of Criminal Appeals that his claim in his postconviction petition was nonjurisdictional conflicts with that court's holding in Lancaster v.State, 638 So.2d 1370, 1373 (Ala.Crim.App. 1993). The Court of Criminal Appeals in Lancaster stated:
 "Thus, the appellant's presence at the sentencing hearing, his ability to speak on his behalf before sentence is pronounced, notification of his right to appeal, and his right to have counsel appointed on appeal are jurisdictional matters, which cannot be waived. Because the appellant's claims of lack of jurisdiction are not procedurally barred and are not contested, the trial court should have held an evidentiary hearing on the appellant's petition, which was meritorious on its face. . . ."
(Emphasis added.) Although Robey appears to allege a meritorious ground of conflict between the holding of the Court of Criminal Appeals in its unpublished memorandum in his case and its holding in Lancaster, a subsequent opinion by the Court of Criminal Appeals renders the holding inLancaster — that the failure to inform a defendant of his right to appeal creates a jurisdictional defect — no longer good law.
Robey's alleged jurisdictional claim in his postconviction petition is based on an alleged procedural deficiency at his sentencing. Robey maintains that the trial court failed to comply completely with the requirements for pronouncement of sentence set forth in Rule 26.9(b), Ala. R.Crim. P., and that that failure divested the trial court of subject-matter jurisdiction to render judgment and to impose a sentence.[3]
In Shaw v. State, 949 So.2d 184 (Ala.Crim.App. 2006), the Court of Criminal Appeals held that a procedural defect at sentencing does not create jurisdictional issues. The Court of Criminal Appeals stated that "a claim that the defendant was not afforded an allocution is not jurisdictional and is subject to the procedural bars set out in Rule 32.2, Ala. R.Crim. P."949 So.2d at 187. Like the trial court's duty to inform a defendant at the pronouncement of sentence of his right to appeal and to have counsel appointed on appeal, allocution is a procedural requirement at the pronouncement of sentence. Rule 26.9(b)(1), Ala. R.Crim. P., provides that the trial court has a duty to "[a]fford the defendant an opportunity to make a statement in his or her own behalf before imposing sentence." A defendant's not being afforded an opportunity to speak at sentencing may be a constitutional issue, but this procedural defect does not divest *Page 365 
the trial court of jurisdiction to impose sentence. Therefore, comparable procedural defects in the sentencing procedure, such as the trial court's failure to inform a defendant of the right to appeal and the right to counsel on appeal, do not divest the trial court of jurisdiction to impose sentence.[4]
Based on the change in the law subsequent to the Court of Criminal Appeals' issuance of its opinion in Lancaster, I conclude that Lancaster is no longer good law,[5]
that Robey does not present a jurisdictional claim in his postconviction petition, and that he is not entitled to the relief he requested.
I, however, would issue the writ and then issue an opinion of this Court affirming the judgment of the Court of Criminal Appeals and unequivocally establishing that the failure to inform a defendant during sentencing of his right to appeal or to have counsel appointed does not divest the trial court of subject-matter jurisdiction.
As Justice Bowen stated in his dissent in Lancaster:
 "A defendant undoubtedly has the constitutional right to be present and attended by counsel at sentencing, Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and to have counsel appointed on appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), as well as the statutory right to speak on his own behalf before; sentence is pronounced, Rule 26.9(b)(1), [Ala].R.Crim.P., and to be informed of his right to appeal, Ala. Code 1975, § 12-22-130; Rule 26.9(b)(4).
 "While all of the foregoing rights are fundamental, all of them can be waived. See Rule 26.7 (waiver of the defendant's presence at sentencing, which necessarily subsumes waiver of allocution and notice of right to appeal); Rule 6.1(b) (waiver of right to counsel). If a right can be waived, it is not a prerequisite to subject matter jurisdiction.
`[A] defendant can not be deemed to have waived an objection that the trial court does not have jurisdiction of the subject matter.' City of Dothan v. Holloway, 501 So.2d 1136, 1139
(Ala. 1986).
 ". . . .
 "Neal v. State, 257 Ala. 496, 59 So.2d 797, 798 (1952), does . . . state that `the continuous presence of the defendant from arraignment to sentence is an essential part of the process provided for the trial of the defendant and without which the court has no jurisdiction to pronounce judgment against him.' In view of the Alabama Supreme Court's recent pronouncements on the nonwaivability of subject matter jurisdiction, the language in Neal must be understood to mean `personal' rather than subject matter jurisdiction."
638 So.2d at 1374.
The law in Alabama regarding a trial court's personal and subject-matter jurisdiction over a criminal defendant is convoluted, and the definition of subject-matter jurisdiction, i.e., a trial court's authority to render judgment and to impose sentence, *Page 366 
is tortured with inaccuracy and confusion. This Court should seize the first opportunity to clarify the definition of a trial court's subject-matter jurisdiction in a criminal case. Because I believe that this petition presents an excellent opportunity to continue the clarification of the law on subject-matter jurisdiction that this Court began in Ex parte Seymour, I respectfully dissent from the majority's decision to deny the writ.
NABERS, C.J., and BOLIN, J., concur.
[1] Robey had previously filed a postconviction petition pursuant to Rule 32, Ala. R.Crim. P., which the circuit court had summarily dismissed. The Court of Criminal Appeals affirmed the circuit court's judgment by an unpublished memorandum.Robey v. State (No.CR-03-1210), 920 So.2d 615
(Ala.Crim.App. 2004) (table).
[2] Robey, a pro se petitioner, satisfied the procedural requirements for pleading his petition for a writ of certiorari, including properly pleading his ground of conflict pursuant to Rule 39(a)(1)(D), Ala. R.App. P.
[3] In Ex pane Seymour, 946 So.2d 536, 537 n. 3 (Ala. 2006), this Court reminded:
 "The language jurisdiction to render judgment or impose sentence' refers to the court's jurisdiction over the subject matter, as opposed to the person. Although a court must have both personal jurisdiction and subject-matter jurisdiction in an action, Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911), defects in personal jurisdiction are waived if they are not raised before the trial court. City of Dothan v. Holloway, 501 So.2d 1136, 1139 (Ala. 1986). The Rule 32.1(b) exception applies only to claims alleging that the trial court lacked subject-matter jurisdiction."
[4] When I use the term "procedural defects," I do not refer to defects at sentencing that create an illegal sentence, such as the imposition of a sentence outside the proper range of punishment for the conviction. Procedural defects involve failures to fully comply with the Rules of Criminal Procedure, and a defendant can waive such defects. Although those defects may create constitutional issues, they do not divest the trial court of subject-matter jurisdiction.
[5] I note that on August 25, 2006, the Court of Criminal Appeals, in another case involving this same petitioner, overruled Lancaster. See Robey v. State,950 So.2d 1235 (Ala.Crim.App. 2006).