MAIN, Judge.
Eugene Legón Elliott III appeals the circuit court’s summary dismissal of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief, in which he challenged his February 27, 2007, guilty-plea convictions for four counts of possession of a forged instrument, one count of theft of property in the first degree, one count of burglary in the first degree, one count of kidnapping in the first degree, and one count of attempted rape in the first degree. Elliott was sentenced, as a habitual offender, to 30 years’ imprisonment for each of the possession-of-a-forged-instrument convictions and for the theft conviction, and to life imprisonment for the burglary conviction, the kidnapping conviction, and the attempted-rape conviction. The trial court ordered that the five 30-year sentences run concurrently and that the three life sentences run consecutively to each other and to the 30-year sentences. This Court affirmed Elliott’s convictions and sentences on appeal in an unpublished memorandum issued on August 22, 2008. Elliott v. State, 27 So.3d 628 (Ala.Crim.App.2008) (table). This Court issued a certificate of judgment on September 10, 2008. On October 10, 2008, Elliott filed his Rule 32 petition. After receiving a response from the State, the circuit court summarily dismissed the petition on July 27, 2009. We remand for further proceedings on two of the claims in Elliott’s Rule 32 petition.
In his petition, Elliott alleged, among other things, that his guilty pleas were involuntary because, he said, he was not informed of the correct minimum and maximum sentences he could receive. Elliott asserted that the trial court did not advise him of the sentencing ranges during the guilty-plea colloquy but merely questioned his trial counsel as to whether counsel had advised Elliott of the sentencing ranges, to which counsel replied that he had. Elliott, however, attached to his petition a letter he purportedly received from his trial counsel dated March 11, 2008, in which counsel stated that he had received no correspondence from the State regarding the State’s invocation of the Habitual Felony Offender Act (“the HFOA”), that he was unaware at the time of the plea and sentencing that Elliott was going to be sentenced as a habitual offender, and that he was surprised at the sentences. His counsel being unaware of the application of the HFOA, Elliott concluded, counsel *953 could not have informed him of the correct sentencing ranges. The State argued in its response, and the circuit court found in its order, that this claim was refuted by the record and is, therefore meritless. However, the record from Elliott’s direct appeal[1] does not refute Elliott’s claim; rather it supports it. The transcript of the guilty-plea colloquy reflects that the trial court asked Elliott’s counsel if he had advised Elliott of the sentencing ranges for his crimes and that counsel responded in the affirmative. At no point did the trial court advise Elliott of the sentencing ranges. In addition, no mention was made during the colloquy of an Ireland form[2] setting forth the sentencing ranges, and no Ireland form is contained in the record from Elliott’s direct appeal. Moreover, the record from Elliott’s direct appeal also contains no written notice by the State to invoke the HFOA nor any mention of the HFOA during the guilty-plea colloquy. At the sentencing hearing, the prosecutor made a brief reference to Elliott’s having prior felony convictions but did not specifically mention the HFOA. The only mention of the HFOA is in the trial court’s written sentencing order. Other than its reliance on the record, the State did not otherwise refute this claim. See, e.g., Palmer v. State, 842 So.2d 751 (Ala.Crim.App.2002) (where the State does not refute a Rule 82 petitioner’s allegations, those allegations must be accepted as true), and the cases cited therein. In addition, this claim is pleaded with sufficient specificity to satisfy the requirements in Rule 32.3 and Rule 32.6(b), is not subject to the procedural bars in Rule 32.2,[3] and, if true, may entitle Elliott to relief. Therefore, Elliott is entitled to an opportunity to prove this claim. See, e.g., Ford v. State, 831 So.2d 641 (Ala.Crim.App.2001).
Elliott also alleged in his petition that his trial counsel was ineffective for various reasons. First, Elliott alleged that his trial counsel was ineffective for not filing a motion to withdraw Elliott’s pleas after, Elliott said, he was not sentenced in accordance with the plea agreement with the State. Specifically, Elliott asserted that he had agreed to plead guilty to the charges in exchange for receiving 15-year sentences for each of the possession-of-a-forged-instrument convictions and for the theft conviction, and life sentences for the burglary conviction, for the kidnapping conviction, and for the attempted-rape conviction, and that all the sentences were supposed to run concurrently. According to Elliott, when he did not receive the sentences he was supposed to receive under the agreement, his counsel should have filed a motion to withdraw his pleas or, at the least, advised him of his right to withdraw his pleas. See, e.g., Andrews v. State, 12 So.3d 728 (Ala.Crim.App.2009), and the cases cited therein. Second, Elliott alleged that his trial counsel was ineffective for not objecting to the State’s failure to provide him with notice of its intent to invoke the HFOA and for not objecting to the State’s failure to prove any prior convictions for purposes of enhancing his sentence. The State argued in its response, and the circuit court found in its order, that Elliott’s claims of ineffective assistance of counsel were barred by Rule 32.2(d) because they could have been *954 raised in a motion to withdraw his pleas. Rule 32.2(d) provides, in pertinent part, that “[a]ny claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition.” However, this Rule 32 petition was the first practicable opportunity for Elliott to challenge his trial counsel’s effectiveness. The record from Elliott’s direct appeal reflects that he was sentenced on September 20, 2007, but that new counsel was not appointed to represent Elliott on appeal until December 13, 2007, almost three months later, and that the record was not certified as complete until January 8, 2008. A motion for a new trial must be filed within 30 days of sentencing. During the time for filing a motion for a new trial in this case, Elliott was represented by his trial counsel. Counsel cannot be expected to challenge his own effectiveness in a postjudgment motion. See, e.g., Flowers v. State, 672 So.2d 1382 (Ala.Crim.App.1995). Therefore, these claims are not barred by Rule 32.2(d). In addition, these claims were pleaded with sufficient specificity to satisfy the requirements in Rule 32.3 and Rule 32.6(b); they were not refuted by the State; and, if true, they may entitle Elliott to relief. Therefore, Elliott is entitled to an opportunity to prove these claims.
Based on the foregoing, we remand this case for the circuit court to allow Elliott an opportunity to present evidence to support those claims listed above. The circuit court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a). After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Elliott’s claims and may grant whatever relief it deems necessary. Due return shall be filed within 56 days of the date of this opinion, and shall include the circuit court’s written findings of fact, a transcript of the eviden-tiary hearing, if one is conducted, and any other evidence received or relied on by the court in making its findings.[4]
REMANDED WITH INSTRUCTIONS. 
WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ„ concur.

. This court may take judicial notice of its own records. See Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App.1992).

. Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).

. Although before this Court on direct appeal Elliott did challenge the voluntariness of his plea, we held that his claim was not properly before us because it had not been raised and preserved in the trial court. Therefore, it is not, as the circuit court alternatively found, barred by Rule 32.2(a)(4). See, e.g., Riley v. State, 892 So.2d 471 (Ala.Crim.App.2004).

. Because of our disposition of this case, we pretermit discussion of the remaining claims Elliott raises in his brief to this Court.