WELCH, Judge.
*793 John Joseph Banville appeals the circuit court's summary dismissal of his Rule 32, Ala. R. Crim. P., petition for postconviction relief. The petition challenged Banville's February 22, 2012, conviction for sexual abuse of a child less than 12 years old, a violation of § 13A-6-69.1, Ala. Code 1975, and his resulting sentence of 20 years' imprisonment.
On February 26, 2013, Banville filed his first Rule 32 petition using the form found in the appendix to Rule 32, Ala. R. Crim. P., and paid a filing fee.[1] In that petition, Banville selected the following grounds provided on the form: 12(A)(9), denial of effective assistance of counsel; and 12(F), the failure of the petitioner to appeal within the prescribed time, which failure was without fault on petitioner's part.
In the supplement to this first Rule 32 petition, Banville alleged that, after he told his trial attorney that he wanted to appeal, his trial attorney told him that he did not do appellate work. Thereafter, he hired another attorney as appellate counsel. That attorney filed a motion for a new trial that was denied on May 9, 2012. Banville further alleged that his appellate counsel was given notice of the dismissal by e-mail, but that Banville was never notified of the dismissal by him, and only discovered it himself while doing research on his case in the prison law library. Banville alleged that he immediately contacted his appellate attorney and was informed that the attorney did not represent him on the appeal, that no appeal had been filed, and that his time to appeal had expired. Banville alleged last that he received ineffective assistance of appellate counsel and was deprived of his right to appeal through no fault of his own.
The circuit court granted relief on Banville's first petition, allowing an out-of-time appeal as provided for by Rule 32.1(f). Banville then appealed his conviction. On appeal, this Court affirmed Banville's conviction and sentence in an unpublished memorandum issued on May 22, 2015. See Banville v. State (No. CR-13-1346), 213 So.3d 607 (Ala. Crim. App. 2015) (table).
Acting through counsel, Banville on April 18, 2016, filed his second petition using a form following the Rule 32 form found in the appendix to Rule 32, Ala. R. Crim. P., and paid a filing fee.
In a supplement to the petition, Banville raised only claims alleging ineffective assistance of his trial counsel.
Without waiting for a response by the State, the circuit court issued an order dismissing the petition:
"ORDER
"This cause comes before the Court on the Petitioner's Petition for Relief from Conviction or Sentence pursuant to Rule 32, Ala. R. Crim. P. The Petitioner has pre-paid the required civil docketing fee and the Court has taken jurisdiction over the Petition. This is the Petitioner's second Rule 32 Petition attacking the judgment arising out of the underlying trial and making a claim of ineffective assistance of counsel, 'In no event can *794 relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition.' Rule 32.2(d). Because this is a successive petition seeking relief on a claim of ineffective assistance of counsel, no relief is available. The Petition is DENIED. The Clerk is directed to give immediate notice to the District Attorney and Petitioner."
(C. 21.)
Banville filed a motion to reconsider and attached a copy of the court's order in case number CC-07-206.60, in which the court had granted Banville's previous Rule 32 petition requesting relief under Rule 32.1(f), Ala. R. Crim. P., by allowing Banville to file an out-of-time appeal of his conviction.
"MOTION TO RECONSIDER AND SET ASIDE ORDER
"On July 15, 2016, this Court entered an order dismissing Petitioner John Joseph Banville's Rule 32 petition. That order was based upon a premise that the petition was a successive petition alleging ineffective assistance of counsel, and, thus, barred by Rule 32.2(d), Ala.R.Crim.P. That premise is faulty. While the petition is a second petition, it is not a successive petition. Ala.R.Crim.P. 32.2 provides:
" 'Successive Petitions. If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule....'
"In Banville's situation, the first petition did not go to the judgment's merits but merely sought an out of time appeal pursuant to Rule 31.1(f) [sic], Ala.R.Crim.P. which was granted. (See attached.) Accordingly, the instant Rule 32 petition is not due for dismissal as a successive petition. IN LIGHT OF THAT, Petitioner John Joseph Banville moves this Court to reconsider its order of July 15, 2016, and to set it aside and proceed to address the merits of his Rule 32 petition after an evidentiary hearing pursuant to Rule 32.9, Ala.R.Crim.P."
(C. 22.)
The circuit court denied the motion to reconsider on August 4, 2016.
Standard of Review
When reviewing a circuit court's summary dismissal of a postconviction petition " '[t]he standard of review this Court uses ... is whether the [circuit] court abused its discretion.' " Lee v. State, 44 So.3d 1145, 1149 (Ala. Crim. App. 2009) (quoting Hunt v. State, 940 So.2d 1041, 1049 (Ala. Crim. App. 2005) ). However, "when the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo. State v. Hill, 690 So.2d 1201, 1203 (Ala. 1996)." Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001).
Moreover, except for utilizing on appeal a preclusionary bar under circumstances which are not present in this case, "when reviewing a circuit court's rulings made in a postconviction petition, we may affirm a ruling if it is correct for any reason." Bush v. State, 92 So.3d 121, 134 (Ala. Crim. App. 2009).
Because only questions of law are presented, we review the circuit court's decision in this Rule 32 proceeding de novo.
On appeal, Banville first argues that the circuit court erred in dismissing his petition as a successive petition, then reasserts his claims of ineffective assistance of trial counsel. Because the resolution of the lawfulness *795 of the circuit court's order finding that Banville's claims were precluded by Rule 32.2(d) is dispositive, discussion of Banville's other claims is pretermitted.
Both Banville and the State base the arguments in their briefs on reasoning drawn from the existing authority explaining the preclusionary bar set out in Rule 32.2(b).[2] There appears to be no legal authority setting the issue whether a second petition should be considered a successive petition under either Rule 32.2(b) or 32.2(d), when the only relief sought in the first petition was the grant of an out-of-time appeal under Rule 32.1(f). Therefore, this case presents an issue of first impression.
Analysis
Rule 32.1, Ala. R. Crim. P., states:
"Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
"....
"(f) The petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part."
Rule 32.2, Ala. R. Crim. P., states:
" Rule 32.2. Preclusion of Remedy
"....
"(b) Successive Petitions. If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner. A successive petition on different grounds shall be denied unless (1) the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence or (2) the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.
"....
"(d) Claims of Ineffective Assistance of Counsel. Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable. In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition."
The relief sought by a petitioner pursuant to Rule 32.1(f) seeking an out-of-time appeal differs completely from the relief from a conviction and sentence, or an illegal sentence, that a petitioner would seek under Rules 32.1(a) through 32.1(e). A petition seeking relief under Rule 32.1(f) does not challenge the underlying conviction or sentence. It only formally requests the trial court to find that the petitioner had failed to file an appeal from a conviction and sentence, or a previous Rule 32 petition, because the petitioner had failed *796 to perfect an appeal through no fault of his own.
In this case Banville's first petition, which sought only an out-of-time appeal under Rule 32.1(f), did allege that his counsel was ineffective for failing to file an appeal from his conviction. However, the purpose of that allegation was to establish that his failure to timely file an appeal was without fault on his part. It did not challenge the effectiveness of his trial counsel's performance in the trial. The only claim against his appellate counsel was the allegation that counsel had failed to timely file a notice of appeal. He could not have otherwise challenged the effectiveness his appellate counsel's performance, because no appeal had been instituted at the time he filed his first petition.[3]
The circuit court granted relief in Banville's first petition solely on his claim that he was entitled to an out-of-time appeal under Rule 32.1(f). Thereafter, Banville's appeal was decided, and his conviction and sentence were affirmed. At that time, Banville's case stood in the same posture in which it would have stood had Banville been able to timely file an appeal from his conviction. Until he was awarded relief under Rule 32.1(f), including a transcript of the trial, it would have been impracticable to raise any issues concerning his trial counsel's performance during the trial.[4]
It would be unfair for this court to hold that, by merely seeking and receiving an out-of-time appeal, a petitioner would forfeit any opportunity to challenge the effectiveness of counsel at trial or on the appeal allowed by the circuit court's grant of relief under Rule 32.1(f). Rule 32.2(d) does say: "Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable." We should not read this ground of preclusion to refer to a previous petition alleging a claim under Rule 32.1(f), when the only allegation of the petitioner that alleged ineffectiveness of counsel was that his counsel had failed to timely perfect an appeal of his case, when that allegation was made in order to establish that the failure to appeal was without fault on the part of the petitioner. It is more reasonable to interpret this provision as precluding only a second or later petition where a petitioner has previously challenged a judgment of conviction or sentence by alleging that his counsels's handling of a trial or appeal in the first petition was ineffective and distinguish it from a first petition containing a claim alleging that counsel failed to timely perfect an appeal as a part of an allegation that the failure to appeal his case was not the fault of the petitioner.
Therefore, we find that the circuit court erred in finding that Banville's petition was precluded under 32.2(d). Accordingly, we reverse its judgment and remand this case to the circuit court for that court to consider Banville's claims that his trial counsel rendered ineffective assistance. The circuit court may allow the State to file a response to the petition as provided in Rule 32.7(a). Should the trial court deem it necessary to hold an evidentiary hearing addressing Banville's claims, the court may take evidence as provided in Rule 32.9(a), Ala. R. Crim. P. If the circuit court determines that Banville is entitled to relief, it may order such relief. The circuit court's return to remand shall include a transcript of those proceedings. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this *797 court at the earliest possible time and within 90 days after the release of this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.*
Windom, P.J., and Burke and Joiner, JJ., concur.
Kellum, J., concurs in the result.

The Court of Criminal Appeals may take judicial notice of its own records. See Hull v. State, 607 So.2d 369, 371 (Ala. Crim. App. 1992) ; Ex parte Salter, 520 So.2d 213, 216 (Ala. Crim. App. 1987). This Court dismissed Banville's petition for a writ of mandamus in an unpublished memorandum issued on July 9, 2014. See Ex parte Banville No. CR-13-0901, 190 So.3d 585 Ala. Crim. App. 2014 (table). The petition is contained in the record of that case.

Rule 32.2(b) precludes a successive petition where the petitioner has previously "filed a petition that challenges any judgment." Because a petition seeking an out-of-time appeal pursuant to 32.1(f) does not challenge any judgment, a second petition following it would not be successive under the plain language of Rule 32.2(b).

Cf. Arrington v. State, 716 So.2d 237, 239 (Ala. Crim. App. 1997).

Cf. Elliott v. State, 60 So.3d 951 (Ala. Crim. App. 2010).
* Note from the reporter of decisions: On October 6, 2017, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On November 9, 2016, that court denied rehearing, without opinion. On December 8, 2017, the Supreme Court denied certiorari review, without opinion (1170127).